Emilie Esther Pitts (FL SBN 1000396)
9248 SE Island Place
Tequesta, FL 33469
Tel: (347)-737-0781
Email: emilie@emiliepitts.com

David Leichtman (NY SBN 2824480)
228 East 45th Street, Suite 605
New York, New York 10017
Tel: 212-419-5210, Ext. 1
Email: dleichtman@leichtmanlaw.com

Godwin LLP
Harold McDougall IV (CA SBN 234972)
12021 Wilshire Blvd #538
Los Angeles, CA 90025
Tel: (424) 704-5647
Email: hmcdougall@godwinllp.com

Attorneys for Plaintiff
CLAUDIA FIORELLA OCCHIPINTI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA FIORELLA OCCHIPINTI, a California Resident, Plaintiff, <br><br> vs. <br><br> PARIS HILTON, a California Resident, PARIS HILTON ENTERTAINMENT, INC., a California Corporation, 11:11 Media, LLC, a California LLC, and DOES 1 through 10, inclusive, Defendants. | Case No.: <br> _____ <br><br> **COMPLAINT FOR: (1)COPYRIGHT INFRINGEMENT; (2) DISTRIBUTION OF FALSE COPYRIGHT MANAGEMENT INFORMATION;(3-4)FALSE DESIGNATION OF ORIGIN;(5) UNFAIR COMPETITION; (6) FALSE ADVERTISING; AND (7) UNJUST ENRICHMENT.** <br><br> **DEMAND FOR A JURY TRIAL** |

**COMPLAINT**

Plaintiff Claudia Fiorella Occhipinti (p/k/a/ as Fiorella Occipinti, hereafter, "Ms. Occhipinti" or "Plaintiff"), by and through her undersigned attorneys, submits this Complaint against defendants Paris Hilton ("Ms. Hilton") and two entities she controls Paris Hilton Entertainment, Inc. ("PHE"), and 11:11: Media, LLC ("11:11"), (collectively with Ms. Hilton, the PHE and 11:11 are referred to as "Hilton" or "Defendants") and in support thereof, avers as follows:

## **INTRODUCTION**

1.      This is a civil action arising out of Defendants' unauthorized display, reproduction, distribution and creation of unauthorized derivative works of copyrights in and to certain Photographs (as such term is defined below) authored by Plaintiff (collectively, the "Copyrights"), the distribution of false Copyright Management Information, false designation of origin, false advertising, and unjust enrichment.

2.      Plaintiff Occhipinti is an entertainment and celebrity professional photographer, based out of Los Angeles, California.  Ms. Occhipiniti's photography has been featured in international and national publications, and is regularly sought after for use and licensing by private, public, and non-profit entities.

## **PARTIES**

3.      Plaintiff Occhipinti is a citizen of the United States and a domiciliary of California.

4.      Defendant Paris Hilton is an individual and is a citizen of the United States and a domiciliary of California.  Upon information and belief, Ms. Hilton conducts significant business in Los Angeles, California, including but not limited to through its Paris Hilton Entertainment corporation and 11:11 Media, LLC.

5.      Defendant Paris Hilton Entertainment is a corporation organized under the laws of California, and with its principal place of business in Los Angeles, California.

6.      Defendant 11:11 Media LLC is a corporation organized under the laws of California, and with its principal place of business in Los Angeles, California.

1
**COMPLAINT**

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 because Plaintiff asserts causes of action arising under federal copyright law, and 28 U.S.C. §§ 1331 and 1338 because Plaintiff asserts causes of action arising under the Copyright Act, and other federal and state law torts over which the Court has supplemental jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1367.

8.      The Court has personal jurisdiction over Defendant Paris Hilton because, upon information and belief, Ms. Hilton is a domiciliary of California and transacts a significant amount of business in California including but not limited to business conducted through her wholly owned corporation Paris Hilton Entertainment, Inc.

9.      This Court has personal jurisdiction over Defendant Paris Hilton. Entertainment Inc. because it is incorporated in and has its principal place of business headquartered in Los Angeles, California, and upon information and belief transacts a significant amount of business in California, and this district, including but not limited to exploitation of the Photographs, without acknowledging Plaintiff's ownership of the Copyrights.

10.      This Court has personal jurisdiction over Defendant 11:11 Media LLC because it is organized in and has its principal place of business headquartered in Los Angeles, California, and upon information and belief transacts a significant amount of business in California, and this district, including but not limited to exploitation of the Photographs, without acknowledging Plaintiff's ownership of the Copyrights.

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions which gave rise to the claim occurred in this district, and because 28 U.S.C. §1400(a) because Ms. Hilton and the corporate defendants all reside and can be found in this District.

## FACTUAL BACKGROUND

12.      In 2019, Ms. Occhipinti was engaged  to shoot photographs of Paris Hilton for the sole purpose of promotion of Ms. Hilton's "Electrify" fragrance in certain types of

media, limited to packaging, in store advertising, conventions or trade shows, and internet web advertising related to the fragrance. No other uses were permitted or requested, nor was sub-licensing permitted. The photoshoot was performed at the behest of Parlux Ltd., the company responsible for the manufacturing and distribution of the "Electrify Fragrance," and was produced by the production company Zeller Ventures.

13. Ms. Occhipinti is the sole author and owner of the copyright in the 2019 photographs depicting Paris Hilton (the "Photographs"). The Photographs are registered in the U.S. Copyright Office, Reg. No. VA 0002235871, with an effective date of November 18, 2020. Attached hereto as **Exhibit A** is a copy of the Photographs as published by Ms. Occhipinti via Parlux in December 2019. Attached hereto as **Exhibit B** is a copy of the Certificate of Registration for the Photographs.

14. Like many commercial photographers, Ms. Occhipinti's livelihood largely depends on revenue generated by licensing her original and commercial works for reproduction, distribution, and public display. She also relies on her name being properly credited on her work. With respect to the Photographs at issue, Ms. Hilton's actions have deprived Ms. Occhipinti of such revenue and have caused Ms. Occhipinti significant monetary harm. Ms. Occhipinti brings this action to recover the damages incurred as a result of Ms. Hilton's unlawful acts.

15. Ms. Occhipinti is a professional cinematographer and photographer who has dedicated her life to creating superior quality photography, primarily focusing on the depiction of fashion, beauty, and luxury goods. She is a contributor to Vogue magazine worldwide, and also contributes to Elle and the LA Times. Her clients include such luxury brands as JLO Beauty, Ralph Lauren, Redken, Reebok, Yves Saint Laurent, Mary Kay, and Yelp, among others.

16. When Ms. Occhipinti's photography is requested for use, Ms. Occhipinti charges clients licensing fees, and licenses her photographs for use by such clients according to the limitations specified under license agreements. These license agreements are the primary means by which Ms. Occhipinti authorizes third party usage

of her photography, and are the primary means by which Ms. Occhipinti generates income for herself.

17.    Paris Hilton is an internationally known celebrity and "influencer," known for turning her status as an heiress to a vast hotel empire started by her family into her own form of celebrity fame, with significant power of endorsement.

18.    PHE is in the business of selling products and services in the fashion, beauty, and luxury spaces.

19.    11:11 is the media arm of Ms. Hilton's and PHE's business interests.

20.    Collectively, the Hilton Defendants have a significant Internet and social media presence in the United States and internationally, including sites that can be accessed in and that are directed towards citizens of California.

21.    Within these Internet and social media sites, Ms. Hilton used, published, displayed, altered, and distributed, without authorization from Ms. Occhipinti, verbatim or altered copies of at least three of Ms. Occhipiniti's Photographs.

22.    Defendants used the Photographs in numerous advertisements promoting various different goods and services of the Defendants and their partners beyond the scope of the narrow and limited permitted uses as set forth above, namely:  the promotion of Ms. Hilton's "Electrify" fragrance in certain types of media, limited to packaging, in store advertising, conventions or trade shows, and internet web advertising related to the fragrance (hereafter the "Permitted Uses").

23.    At the time of the display and distribution of the Photographs on sites outside of the scope of the Permitted Uses, Ms. Occhipinti had not granted Ms. Hilton, or any other affiliated persons or entities, any license or permission to copy, display, or otherwise use the photographs for any purpose other than for the Permitted Uses.

24.    The Hilton Defendants used the Photographs, in at least the manner depicted in **Exhibit C** hereto, to promote various different brands owned by Ms. Hilton, outside the scope of the agreed upon license, as well as to promote "Electrify" in channels outside the scope of the Permitted Uses.  Ms. Occhipinti is not aware, at this time, as to

whether the Hilton Defendants used the Photographs in other promotions outside of the list in **Exhibit C**, but suspects they have.

25. At the time that Hilton Defendants displayed, transmitted, reproduced, distributed and published verbatim copies of the Photographs in their various promotions, Defendants had not requested authorization from Ms. Occhipinti for use of the Photographs, and Ms. Occhipinti had not granted Defendants, or any other affiliated persons or entities, any license or permission to copy, display, or otherwise use the Photographs for any purpose.

26. In or around October 2020, Ms. Occhipinti became aware of Defendants' unauthorized use of the Photographs in connection with the promotion of Defendants' various businesses.

27. When Ms. Occhipinti first discovered the infringements and inquired of Parlux how this had occurred, Parlux advised the following: "You are correct, when we did the Electrify shoot, it was done for the fragrances which is what we at Parlux oversee. The shoot was intended for packaging, industrial (in store, at conventions or trade shows), and web related to the fragrance. Unfortunately we do not have any control over Paris's personal social media."

28. When the infringements turned out not to be fleeting and increased in volume and scope, including but not limited to the use of the Photographs on a bus promoting Ms. Hilton, Ms. Occhipinti sent a demand letter to the Hilton Defendants. In the letter, Ms. Occhipinti requested that the Defendants remove the Photographs from their promotions, and demanded payment for the use of the Photographs.

29. Defendant's counsel confirmed that Ms. Hilton received the demand letter, but Defendants have refused to acknowledge any wrongdoing or offer Ms. Occhipinti a licensing fee for the initial or continued use of the Photographs, thus willfully infringing the copyrights in the Photographs.

30.     In the ordinary course of business, Ms. Occhipinti licenses her Photographs individually, and would have done so here had the Hilton Defendants requested a license before they infringed each of the Photographs.

31.     In addition to the unauthorized use, reproduction, distribution and display of the Photographs, the Hilton Defendants also created unauthorized derivative works of the Photographs, at times cropping, resizing and adjusting them in ways that do damage to the quality of the Photographs, and then distributed or displayed those altered derivative works.

32.     In addition to the infringement of Ms. Occhipinti's Photographs detailed above, in some of the infringing uses, even though Hilton knew that Occhipinti was the author and owner of the Photographs and should be credited as such (which constitutes Copyright Management Information ("CMI") as defined under 17 U.S.C. § 1202(c)), Hilton placed her own logo or the logo of her companies or products on the Photographs as if Hilton or her companies owned the Photographs, intentionally creating a false impression and misleading misattribution of origin that Defendants are the owners or authors of the Photographs.

33.     Defendants further knowingly provided and distributed CMI that was false.

34.     By falsifying the identification information on the Photographs, Defendants altered their nature, quality and characteristics by falsely attributing their authorship, ownership or authorization status.

35.     Despite receipt of the demand letter and numerous attempts by Ms. Occhipiniti's counsel to negotiate a settlement in good faith, Defendants have repeatedly refused to engage in any legitimate effort to settle the matter.  Defendants' actions in this respect demonstrate that they possess actual knowledge of Ms. Occhipinti's copyright ownership in the Photographs, but nonetheless are willfully disregarding Ms. Occhipinti's lawful and proprietary interests, in favor of their own gain.

36.     Defendants have violated 17 U.S.C. §101 et seq. (collectively, the "Copyright Act") and have been unjustly enriched at the expense of Plaintiff, and have caused Plaintiff extensive and irreparable harm as described herein.

37.     Among other things, this action seeks redress for Defendants unauthorized infringement of Plaintiff's Copyrights.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### (Copyright Infringement – 17 U.S.C. 101 et seq.)

38.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

39.     The Photographs are original copyrightable works.  Ms. Occhipinti has complied in all respects with 17 U.S.C. § 101, *et seq.*, secured the exclusive rights in and ownership of the Photographs, and has filed her copyright registration for the Photographs with the U.S. Copyright Office in accordance with its rules and regulations. Ms. Occhipinti has received, and the Photographs have been assigned as, Registration No. VA 0002235871, with an effective date of November 18, 2020, certifying her compliance with all applicable formalities of the U.S. Copyright Office.

40.     By the actions alleged above, Defendants have infringed Ms. Occhipinti's copyright in the Photographs by reproduction, public display, and distribution of the same, without Ms. Occhipinti's authorization and without a license.

41.     Defendants have also created unauthorized derivative works and distributed and publicly displayed those derivative works without Ms. Occhipinti's authorization and without a license.

42.     Defendants have done so willfully and intentionally, with full knowledge of Ms. Occhipinti's copyright, and in conscious disregard for Ms. Occhipinti's exclusive rights in the Photographs.

43.     As a direct and proximate result of the copyright infringement detailed herein, Ms. Occhipinti has been and continues to be damaged in an amount unknown at present and to be determined at trial.

44.     Ms. Occhipinti is entitled to recover her actual damages and any additional profits of Defendants not calculated in the computation of her actual damages in an amount to be determined at trial, pursuant to 17 U.S.C. §§ 504(a)(1) and (b).

45.     To the extent such infringement persists, Ms. Occhipinti has no adequate remedy at law to protect her rights in the Photographs and to prevent Defendants from continuing to infringe the Photographs and injure Ms. Occhipinti, and Ms. Occhipinti will continue to suffer irreparable injury from Defendants' conduct as alleged.

46.     As a direct and proximate result of the copyright infringement detailed herein, Ms. Occhipinti is entitled to preliminary and permanent injunctive relief enjoining and restraining Defendants from infringing her copyrights, pursuant to 17 U.S.C. § 502.

47.     In addition, to the extent that Defendants have used Ms. Occhipinti's Photographs in a manner that are different in kind or nature or scope from infringements occurring before November 18, 2020, the effective date of registration, Ms. Occhipinti is also entitled, in the alternative, and at her election, to seek statutory damages pursuant to 17 U.S.C. § 504(c) and her costs, including her attorneys' fees, pursuant to 17 U.S.C. § 505.

48.     he Photographs are original copyrightable works.  Ms. Occhipinti has complied in all respects with 17 U.S.C. § 101, *et seq*., secured the exclusive rights in and ownership of the Photographs, and has filed her copyright registration for the Photographs with the U.S. Copyright Office in accordance with its rules and regulations. Ms. Occhipinti has received, and the Photographs have been assigned as, Registration No. VA 0002235871, with an effective date of November 18, 2020, certifying her compliance with all applicable formalities of the U.S. Copyright Office.

49.    By the actions alleged above, Defendants have infringed Ms. Occhipinti's copyright in the Photographs by reproduction, public display, and distribution of the same, without Ms. Occhipinti's authorization and without a license.

50.    Defendants have done so willfully and intentionally, with full knowledge of Ms. Occhipinti's copyright, and in conscious disregard for Ms. Occhipinti's exclusive rights in the Photographs.

51.    As a direct and proximate result of the copyright infringement detailed herein, Ms. Occhipinti has been and continues to be damaged in an amount unknown at present and to be determined at trial.

52.    Ms. Occhipinti is entitled to recover her actual damages and any additional profits of Defendants not calculated in the computation of her actual damages in an amount to be determined at trial, pursuant to 17 U.S.C. §§ 504(a)(1) and (b).

53.    To the extent such infringement persists, Ms. Occhipinti has no adequate remedy at law to protect her rights in the Photographs and to prevent Defendants from continuing to infringe the Photographs and injure Ms. Occhipinti, and Ms. Occhipinti will continue to suffer irreparable injury from Defendants' conduct as alleged.

54.    As a direct and proximate result of the copyright infringement detailed herein, Ms. Occhipinti is entitled to preliminary and permanent injunctive relief enjoining and restraining Defendants from infringing her copyrights, pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF

### (Distribution of False Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. § 1202(a))

55.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

56.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

57.    The copyrights in the Photographs are owned exclusively by Ms. Occhipinti.

58.    Defendants knew that Ms. Occhipinti was the author of the Photographs

59.     Defendants knew that Ms. Occhipinti was the owner of the Photographs.

60.     Despite having this knowledge, Defendants distributed false authorship and ownership information in connection with the Photographs.

61.     Defendants knowingly provided false CMI with the intent to induce, enable, facilitate, or conceal copyright infringement of the Photographs.

62.     Defendants knowingly distributed false CMI with the intent to induce, enable, facilitate, or conceal copyright infringement of the Photographs.

63.     Defendants did so knowing, or with reasonable grounds to know, that their actions would induce, enable, facilitate, or conceal copyright infringement with respect to the Photographs.

64.     Plaintiff has suffered actual damages as a result of the acts complained of herein in an amount unknown at present and to be determined at trial.

65.     Defendants have gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

66.     Plaintiff is entitled to recover from Defendants her actual damages and any additional Defendants' profits not taken into account in computing her actual damages, pursuant to 17 U.S.C. § 1203(c)(2).

67.     In the alternative, and at her election, Plaintiff is entitled to recover from Defendants, for each and every violation of 17 U.S.C. § 1202(a), the extent of which is unknown at present and which will be proven at trial, statutory damages of up to $25,000 per violation, pursuant to 17 U.S.C. § 1203(c)(3)(B).

68.     To the extent that the acts complained of herein persist, Plaintiff is entitled to temporary and permanent injunctive relief to prevent or restrain further violations of 17 U.S.C. § 1202(a), pursuant to 17 U.S.C. § 1203(b)(1).

69.     Plaintiff is entitled to recover her costs from Defendants, pursuant to 17 U.S.C. § 1203(b)(4).

70.     Plaintiff is further entitled to recover her attorneys' fees from Defendants, pursuant to 17 U.S.C. § 1203(b)(5).

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin, The Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

71.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

72.     Plaintiff is the author of the Photographs, and all rights in the Photographs are owned exclusively by Plaintiff.

73.     Plaintiff offers print copies for sale and licenses for use of her photography and videography, and other works similar to the Photographs, to businesses like those of the Defendants.

74.     Defendants knew that Plaintiff was the author of the Photographs and that Plaintiff was the owner of the registered copyrights in the Photographs.

75.     Despite having this knowledge, Defendants misattributed the Photographs to themselves by including their logo underneath and in various other locations in connection with the Photographs.

76.     Defendants have falsely represented the origin of the Photographs by attributing ownership of or conveying they had licensing rights in the Photographs in connection with the public display, publication, and licensing of the Photographs to the public.

77.     The actions complained of herein are likely to cause confusion or mistake, or to deceive the public as to the affiliation, connection, or association of the Defendants with Plaintiff in connection with the Photographs.

78.     The actions complained of herein are further likely to cause confusion or mistake, or to deceive the public as to the origin or sponsorship of the Photographs or the approval of the use of the Photographs.

79.     Defendants have inserted the Photographs into the stream of commerce by publicly displaying and distributing the Photographs to the public for commercial gain.

80.     The conduct of Defendants was willful and deliberate.

81.   Plaintiff has suffered monetary damages because Plaintiff sells prints of and licenses her photography for the precise type of use employed by the Defendants.

82.   As a direct and proximate result of the misleading and deceptive conduct of Defendants, Plaintiff has been, and continues to be, damaged in an amount unknown at present and to be determined at trial.

83.   As a direct and proximate result of the misleading and deceptive conduct of Defendants, Defendants have gained and/or will gain substantial profits in an amount presently unknown and to be determined at trial.

84.   The conduct complained of herein constitutes an exceptional case.

85.   Plaintiff is entitled to recover from Defendants her actual damages, the profits gained by Defendants, and Plaintiff's costs of this action, including attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin, The Lanham Act, 15 U.S.C. § 1125(a)(1)(B)

86.   Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety

87.   .Plaintiff is the author of the Photographs, and all rights in the Photographs are owned exclusively by Plaintiff.

88.   Plaintiff is one of America's most prolific and well-known professional photographers.

89.   Plaintiff sells prints of and offers licenses for the use of  her photography and videography, and other works similar to the Photographs, to businesses like those of the Defendants.

90.   Defendants knew that Plaintiff was the author of the Photographs and that Plaintiff was the owner of the registered copyrights in the Photographs.

91.   Despite having this knowledge, Defendants falsely represented that they were the authors or owners of the Photographs.

92.     By falsely attributing themselves as the author or owner of the Photographs, Defendants misrepresented the nature and quality of the Photographs in connection with the commercial advertising and promotion of the Photographs and their own goods and services.

93.     Defendants have inserted the Photographs into the stream of commerce by publicly displaying, and distributing, the Photographs to the public for commercial gain.

94.     The conduct of Defendants was willful and deliberate.

95.     Plaintiff has suffered monetary damages because Plaintiff licenses her photography for the precise type of use employed by the Defendants

96.     As a direct and proximate result of the misleading and deceptive conduct of Defendants, Plaintiff has been, and continues to be, damaged in an amount unknown at present and to be determined at trial.

97.     As a direct and proximate result of the misleading and deceptive conduct of Defendants, Defendants have gained and/or will gain substantial profits in an amount presently unknown and to be determined at trial.

98.     The conduct complained of herein constitutes an exceptional case.

99.     Plaintiff is entitled to recover from Defendants her actual damages, the profits gained by Defendants, and Plaintiff's costs of this action, including attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

**FIFTH CLAIM FOR RELIEF**

**(Unfair Competition based on Unlawful, Unfair, and Fraudulent Business Practices, California Business & Professions Code §17200 et. seq.)**

100.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

101.    Plaintiff is the author of the Photographs, and all rights in the Photographs are owned exclusively by Plaintiff.

102.    Plaintiff offers licenses for the Photographs, and other works similar to the Photographs, to businesses like the Defendants.

103.   Defendants knew that Plaintiff was the author of the Photographs and that Plaintiff was the owner of the registered copyrights in the Photographs.

104.   Despite having this knowledge, Defendants misattributed the Photographs to themselves.

105.   Defendants falsely represented to the general public that they were the owner of the Photographs.

106.   Defendants have misappropriated the skill, labor, and expenditure of Plaintiff by distributing and publicly displaying Plaintiff's Photographs without authorization from Plaintiff.

107.   Defendants have inserted the Photographs into the stream of commerce by publicly displaying and distributing the Photographs to the public.

108.   The Defendants have done so in bad faith and with a dishonest purpose, to the Defendants' commercial advantage and benefit.

109.   As a result of the conduct complained of herein, including without limitation, Defendants' unfairly competitive conduct, Plaintiff has suffered, and continues to suffer, monetary damages.

110.   The conduct complained of herein constitutes an exceptional case.

111.   Plaintiff is entitled to recover from Defendants her actual damages and a disgorgement of profits in an amount to be proven at trial for injuries sustained as a result of Defendants' unfair competition, as well as recovery of attorneys' fees and costs of this action as permitted by law and this Court.

112.   To the extent that Defendants' actions persist, Plaintiff is additionally entitled to preliminary and permanent injunctive relief, restraining Defendants from engaging in further acts constituting unfair competition.

## SIXTH CLAIM FOR RELIEF

### (False Advertising, California Business & Professions Code §17500 et seq.)

113.   Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

114.   Plaintiff is the author of the Photographs, and all rights in the Photographs are owned exclusively by Plaintiff.

115.   Plaintiff is one of America's most prolific and well-known professional photographers.

116.   Plaintiff offers licenses for her photography and videography, and other works similar to the Photographs, to businesses like Defendants.

117.   Defendants knew that Plaintiff was the author of the Photographs and that Plaintiff was the owner of the registered copyrights in the Photographs.

118.   Despite having this knowledge, Defendants falsely represented that the Photographs were authored or owned by themselves.

119.   By falsely attributing authorship or ownership of the Photographs, Defendants have materially misrepresented the nature, character, and quality of the Photographs to the public in connection with the commercial advertising and promotion of the Photographs and their own goods and services.

120.   The actions complained of herein are likely to injure the public by causing confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants with Plaintiff in connection with the Photographs.

121.   The actions complained of herein are further likely to injure the public by causing confusion, mistake, or deception as to the origin or sponsorship of the Photographs or the approval of the use of the Photographs.

122.   Defendants have inserted the Photographs into the stream of commerce by publicly displaying and distributing the Photographs to the public for commercial gain

123.   The conduct of Defendants was willful and deliberate.

124.   Plaintiff has suffered monetary damages because Plaintiff licenses her photography for the precise type of use employed by the Defendants.

125.   As a direct and proximate result of the misleading and deceptive conduct of Defendants, Plaintiff has been, and continues to be, damaged in an amount unknown at present and to be determined at trial.

126.   As a direct and proximate result of the misleading and deceptive conduct of Defendants, Defendants have gained and/or will gain substantial profits in an amount presently unknown and to be determined at trial.

127.   The conduct complained of herein constitutes an exceptional case.

128.   As a result of the conduct complained of herein, including without limitation, Defendants' unfairly competitive conduct, Plaintiff has suffered, and continues to suffer, monetary damages.

129.   Plaintiff is entitled to recover from Defendants her actual damages and a disgorgement of profits in an amount to be proven at trial for injuries sustained as a result of Defendants' unfair competition, as well as recovery of attorneys' fees and costs of this action as permitted by law and this Court.

130.   To the extent that Defendants' actions persist, Plaintiff is additionally entitled to preliminary and permanent injunctive relief, restraining Defendants from engaging in further acts constituting unfair competition.

## SEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment, California Common Law)

131.   Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

132.   Plaintiff is the author of the Photographs, and all rights in the Photographs are owned exclusively by Plaintiff.

133.   Plaintiff offers licenses for her photography and videography, and other works similar to the Photographs, to businesses like Defendants.

134.   Plaintiff never granted Defendants permission to use or otherwise benefit in any manner from the Photographs beyond the Permitted Uses.

135.   Nevertheless, Defendants benefitted from the public display and distribution of the Photographs at Plaintiff's expense in a manner that exceeded the scope of the Permitted Uses.

136.   Defendants further misrepresented to third parties that they were either the authors, owners or authorized licensees of the Photographs.  Based on this misrepresentation, Defendants received the benefit of promoting and selling their goods and services for substantial profits.

137.   Defendants have been unjustly enriched by the benefits they have received and unjustly retained at Plaintiff's expense, and equity and good conscience demand that Defendants give Plaintiff restitution for their receipt of those benefits.

138.   Equity and good conscience require that Defendants disgorge any monies received for their enrichment, which was improper and at Plaintiff's expense, and give Plaintiff restitution for their receipt of those benefits, in the amount of their disgorged profits plus the reasonable value of each license, sale, and use of the Photographs that Plaintiff would have sold to them had they requested a license before they used the Photographs without her permission.  By reason of the foregoing, Plaintiff has sustained monetary damages in an amount to be determined at trial.

## **PRAYER**

WHEREFORE, Plaintiff Claudia Fiorella Occhipinti prays for judgment in her favor and against the Defendants, jointly and severally, as follows:

1.   For an award of actual damages for infringement under the Copyright Act;

2.   For a preliminary and permanent injunction enjoining Defendants, their respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; their divisions, such divisions' respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; and those in privity with or in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from any further acts of copyright infringement, the distribution of false Copyright

Management Information, false designation of origin, false advertising, and unjust enrichment;

3.     For an award of monetary damages in an amount to be proven at trial;

4.     For costs of this lawsuit;

5.     For reasonable attorneys' fees;

6.     For interest as allowed by law; and

7.     For such other relief as the Court deems just and proper.

DATED: November 30, 2022          **EMILIE ESTHER PITTS**


By:     */s/ Emilie Esther Pitts*
        Emilie Esther Pitts


**LEICHTMAN LAW PLLC**


By:     */s/ David Leichtman*
        David Leichtman


**GODWIN LLP**


By:     */s/ Harold McDougall IV*
        Harold McDougall IV

        Attorneys for Plaintiff
        CLAUDIA FIORELLA OCCHIPINTI

18
**COMPLAINT**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Occhipinti hereby demands a trial by jury for all issues so triable in this case.

Respectfully Submitted,

DATED: November 30, 2022          **EMILIE ESTHER PITTS**

                                  By:     */s/ Emilie Esther Pitts*
                                          Emilie Esther Pitts


                                  **LEICHTMAN LAW PLLC**


                                  By:     */s/ David Leichtman*
                                          David Leichtman


                                  **GODWIN LLP**


                                  By:     */s/ Harold McDougall IV*
                                          Harold McDougall IV

                                  Attorneys for Plaintiff
                                  CLAUDIA FIORELLA OCCHIPINTI

**COMPLAINT**

# EXHIBIT A





# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Registration Number**

## VA 2-235-871

**Effective Date of Registration:**
November 18, 2020
**Registration Decision Date:**
February 03, 2021

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)

For Photographs Published:   September 30, 2019 to October 15, 2019

## Title

|  |  |
|---|---|
| **Title of Group:** | ELECTRIFY |
| **Number of Photographs in Group:** | 7 |
| • **Individual Photographs:** | ELECTRIFY_06049, ELECTRIFY_06054, ELECTRIFY_06291, ELECTRIFY_06314, ELECTRIFY_06371, ELECTRIFY_06868ELECTRIFY_06940 |
| **Published:** | September 2019 |

## Completion/Publication

|  |  |
|---|---|
| **Year of Completion:** | 2019 |
| **Earliest Publication Date in Group:** | September 30, 2019 |
| **Latest Publication Date in Group:** | October 15, 2019 |
| **Nation of First Publication:** | United States |

## Author

|  |  |
|---|---|
| • **Author:** | Claudia Fiorella Occhipinti |
| **Author Created:** | photographs |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |
| **Year Born:** | 1990 |

## Copyright Claimant

|  |  |
|---|---|
| **Copyright Claimant:** | Claudia Fiorella Occhipinti |
|  | 4824 Tujunga Ave, #205, North Hollywood, CA, 91601, United States |

## Rights and Permissions

           **Name:**  Claudia Fiorella Occhipinti
           **Email:**  fiorellaocchipinti@gmail.com
    **Telephone:**  (818)331-8884
      **Address:**  4824 Tujunga Ave
                  #205
                  North Hollywood, CA 91601 United States

## Certification

           **Name:**  Claudia Fiorella Occhipinti
             **Date:**  November 18, 2020

**Copyright Office notes:**  Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

# EXHIBIT C













parishilton ✔ • Follow • • •

parishilton ✔ With beauty, love, kindness and grace she built the Kingdom she always wanted. ✨✨👑✨✨

38w

digital_ml 🔥🔥🔥🔥🔥🔥🔥🔥🔥🔥🔥🔥🌹

35w   Reply

isa.elina @irkku89 nää paskat muokkaukset on taas näköjään joku juttu 😐

♡

1,001,823 views
JANUARY 28

Add a comment...                    Post

parishilton ✔ • Follow • • •

parishilton ✔ #ThisIsParis 🎥 Premiering Tonight at 9pm PST/Midnight EST on @YouTube Originals! 🥳

5w

nikitadragun ✔ i'm so excited i can't wait !

5w   45 likes   Reply

View replies (3)

londonoli ✔ So excited😁

5w   13 likes   Reply

View replies (1)

1,020,854 views
SEPTEMBER 13

Add a comment...                    Post





**parishilton** ✓ • Follow ···

**parishilton** ✓ 12 Million
**#LittleHiltons** 🥰 Love you all so
much! 😍 Thank you for all your
love and support! You all mean the
world to me and bring me so much
happiness! 😌 Thank you🙌

24w

**skylarandersenn** So kind, so
iconic, so beautiful, SO PARIS!

23w   Reply

**ramonruiz587** Chavito08 too
yea so good body me

1,131,399 views

MAY 2

Add a comment...                Post

