1  **MICHAEL E. WEINSTEN (BAR NO. 155680)**
2  **MAX D. FABRICANT (BAR NO. 333859)**
   **LAVELY & SINGER**
3  **PROFESSIONAL CORPORATION**
4  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
5  Telephone: (310) 556-3501
6  Fax: (310) 556-3615
   Email:   mweinsten@lavelysinger.com
7            mfabricant@lavelysinger.com

8
   Attorneys for Defendants and Counter-Claimant,
9  PARIS HILTON
   PARIS HILTON ENTERTAINMENT, INC.
10 AND 11:11 MEDIA, LLC

11
              **UNITED STATES DISTRICT COURT**
12            **CENTRAL DISTRICT OF CALIFORNIA**

13

14 | CLAUDIA FIORELLA OCCHIPINTI, a | Case No.  2:22-cv-08688-DMG-PD
   | California Resident, |
15 | | Hon. Dolly M. Gee
16 |                    Plaintiff, |
17 |      vs. | **ANSWER OF DEFENDANTS**
   | | **PARIS HILTON, PARIS HILTON**
18 | | **ENTERTAINMENT, INC., AND**
19 | PARIS HILTON, a California Resident, | **11:11 MEDIA, LLC TO PLAINTIFF'S**
   | PARIS HILTON ENTERTAINMENT, | **COMPLAINT; AND PARIS**
20 | INC., a California Corporation, 11:11 | **HILTON'S COUNTERCLAIMS**
   | Media, LLC, a California LLC, and DOES 1 |
21 | through 10, inclusive, | Complaint Filed:  November 30, 2022
22 |                    Defendants. | **JURY TRIAL DEMANDED**
23 |
24 | PARIS HILTON, an individual, |
25 |                    Counter-Claimant, |
26 |
27 |      vs. |

28

                            1
_____

CLAUDIA FIORELLA OCCHIPINTI, an
individual, and DOES 1 through 10,
inclusive,

                     Counter-Defendants.

       Defendant and Counter-Claimant Paris Hilton ("Ms. Hilton"), Defendant Paris Hilton Entertainment, Inc. ("PHE"), and Defendant 11:11 Media, LLC ("11:11 Media") (collectively, the "Hilton Parties," or "Defendants"), by and through their undersigned counsel, hereby submit their Answer and Ms. Hilton's Counterclaims to the Complaint filed by Plaintiff Claudia Fiorella Occhipinti ("Occhipinti," "Plaintiff" or "Counter-Defendant") on November 30, 2022 (Dkt. No. 1, the "Complaint"):

## INTRODUCTION

1.      Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2.      Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 2 of the Complaint, and, on that basis, deny such allegations.

## PARTIES

3.      Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 3 of the Complaint, and, on that basis, deny such allegations.

4.      Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations set forth in Paragraph 6 of the Complaint that 11:11 Media is a corporation organized under the laws of California because 11:11 Media is a limited liability company formed in Delaware. Defendants admit the allegations set forth in Paragraph 6 of the Complaint that 11:11 Media has its principal place of business in California.

**JURSIDCTION AND VENUE**

7.      Defendants state that Paragraph 7 of the Complaint contains conclusions of law to which no response is required.

8.      Defendants state that Paragraph 8 of the Complaint contains conclusions of law to which no response is required.

9.      Defendants state that Paragraph 9 of the Complaint contains conclusions of law to which no response is required.

10.      Defendants state that Paragraph 10 of the Complaint contains conclusions of law to which no response is required.

11.      Defendants state that Paragraph 11 of the Complaint contains conclusions of law to which no response is required.

**FACTUAL BACKGROUND**

12.      Defendants admit that Occhipinti was engaged in 2019 to shoot photographs. Except as expressly admitted and alleged herein, Defendants deny the allegations of Paragraph 12 of the Complaint.

13.      Defendants deny the allegations set forth in Paragraph 13 of the Complaint that Occhipinti is the owner of any interest in the copyright in any of the works subject to the copyright registration filed with the U.S. Copyright Office, Reg. No. VA 0002235871. Except as expressly denied herein, Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 13 of the Complaint, and, on that basis, deny such allegations.

14.      Defendants deny the allegations set forth in Paragraph 14 of the Complaint that any act by Ms. Hilton has deprived Occhipinti of any revenue, that any act by Ms. Hilton has caused Occhipinti any monetary harm, and that Ms. Hilton committed any unlawful acts. Except as expressly denied herein, Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 14 of the Complaint, and, on that basis, deny such allegations.

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC,
AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S
COUNTERCLAIMS

15.     Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 15 of the Complaint, and, on that basis, deny such allegations.

16.     Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 16 of the Complaint, and, on that basis, deny such allegations.

17.     Defendants admit that Ms. Hilton is an internationally known celebrity and influencer with significant power of endorsement. Except as expressly admitted and alleged herein, Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 17 of the Complaint, and, on that basis, deny such allegations.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants admit that 11:11 Media is a media company. Except as expressly admitted and alleged herein, Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendants admit that they have a significant Internet and social media presence and have websites for their businesses that can be accessed in California. Except as expressly admitted and alleged herein, Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Complaint that Defendants made any unauthorized use of the Photographs. Except as expressly denied herein, Defendants lack information sufficient to enable them to admit or deny

the allegations set forth in Paragraph 26 of the Complaint, and, on that basis, deny such allegations.

27.     Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 27 of the Complaint, and, on that basis, deny such allegations.

28.     Defendants admit the allegations that they received a demand letter from Occhipinti. Except as expressly admitted and alleged herein, Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants admit the allegations that their counsel confirmed to Occhipinti's counsel that they received Occhipinti's demand letter, that Defendants do not acknowledge any wrongdoing, and that Defendants have not offered Occhipinti a licensing fee as she was already paid in full for her services related to the photoshoot by Zeller Ventures, LLC ("Zeller"), which is evidenced by an invoice from Occhipinti to Zeller. Except as expressly admitted and alleged herein, Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint that they infringed any of the Photographs. Except as expressly denied herein, Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 30 of the Complaint, and, on that basis, deny such allegations.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

## FIRST CLAIM FOR RELIEF— COPYRIGHT INFRINGEMENT - 17 U.S.C. 101 ET SEQ.

38.    Defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1-37 of the Complaint as is fully set forth herein.

39.    Defendants admit the allegations that the Photographs are copyrightable works. Except as expressly admitted and alleged herein, Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.    Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.    Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.    Defendants admit the allegations that the Photographs are copyrightable works. Except as expressly admitted and alleged herein, Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC, AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S COUNTERCLAIMS

1

**SECOND CLAIM FOR RELIEF — DISTRIBUTION OF FALSE COPYRIGHT**

2

**MANAGEMENT INFORMATION DIGITAL MILLENNIUM COPYRIGHT**

3

**ACT, 17 U.S.C. § 1202(a)**

4

55.    Defendants repeat and incorporate their responses to the allegations

5

contained in Paragraphs 1-54 of the Complaint as is fully set forth herein.

6

56.    Defendants repeat and incorporate their responses to the allegations

7

contained in Paragraphs 1-55 of the Complaint as is fully set forth herein.

8

57.    Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

9

58.    Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

10

59.    Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

11

60.    Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

12

61.    Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

13

62.    Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

14

63.    Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

15

64.    Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

16

65.    Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

17

66.    Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

18

67.    Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

19

68.    Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

20

69.    Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

21

70.    Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

22

**THIRD CLAIM FOR RELIEF — FALSE DESIGNATION OF ORIGIN, THE**

23

**LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)**

24

71.    Defendants repeat and incorporate their responses to the allegations

25

contained in Paragraphs 1-70 of the Complaint as is fully set forth herein.

26

72.    Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

27

28

7

73.     Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 73 of the Complaint, and, on that basis, deny such allegations.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

## FOURTH CLAIM FOR RELIEF — FALSE DESIGNATION OF ORIGIN, THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(B)

86.     Defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1-85 of the Complaint as is fully set forth herein.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 89 of the Complaint, and, on that basis, deny such allegations.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC, AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S COUNTERCLAIMS

93.   Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94.   Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95.   Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.   Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.   Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.   Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99.   Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

**FIFTH CLAIM FOR RELIEF — UNFAIR COMPETITION BASED ON UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES, CALIFORNIA BUSINESS AND PROFESSIONS CODE, § 17200 ET. SEQ.**

100.   Defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1-99 of the Complaint as is fully set forth herein.

101.   Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102.   Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 102 of the Complaint, and, on that basis, deny such allegations.

103.   Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.   Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.   Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106.   Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107.   Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

108.   Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

109.   Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110.   Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.   Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112.   Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

## SIXTH CLAIM FOR RELIEF — FALSE ADVERTISING, CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500 ET. SEQ.

113.   Defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1-112 of the Complaint as is fully set forth herein.

114.   Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.   Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

116.   Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

117.   Defendants deny the allegations set forth in Paragraph 117 of the Complaint.

118.   Defendants deny the allegations set forth in Paragraph 118 of the Complaint.

119.   Defendants deny the allegations set forth in Paragraph 119 of the Complaint.

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC, AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S COUNTERCLAIMS

120.    Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations set forth in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

126.    Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

## SEVENTH CLAIM FOR RELIEF — UNJUST ENRICHMENT, CALIFORNIA COMMON LAW

131.    Defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1-130 of the Complaint as is fully set forth herein.

132.   Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

133.   Defendants lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 133 of the Complaint, and, on that basis, deny such allegations.

134.   Defendants deny the allegations set forth in Paragraph 134 of the Complaint.

135.   Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

136.   Defendants deny the allegations set forth in Paragraph 136 of the Complaint.

137.   Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

138.   Defendants deny the allegations set forth in Paragraph 138 of the Complaint.

**ANSWER TO PRAYER FOR RELIEF**

The prayer for relief set forth in the Complaint requires no response as there are no facts alleged therein. To the extent any response is required, Defendants deny the allegations in the prayer for relief.

**AFFIRMATIVE DEFENSES**

Defendants make the following allegations as affirmative defenses against the allegations in Plaintiff's Complaint asserted against them without admitting that they bear the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon additional affirmative defenses that become available or appear during the course of this action.

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC, AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S COUNTERCLAIMS

### First Affirmative Defense

### (Failure to State a Claim)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, because it fails to state any claim upon which relief can be granted.

### Second Affirmative Defense

### (Fair Use)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, by the doctrine of fair use.

### Third Affirmative Defense

### (Laches)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

### (Waiver, Estoppel, Acquiescence)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.

### Fifth Affirmative Defense

### (Unclean Hands)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

### Sixth Affirmative Defense

### (Invalid Copyright Registration)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, because Plaintiff's allegations are predicated on a fraudulently obtained and invalid copyright registration.

## Seventh Affirmative Defense

## (License)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, by license or the doctrine of implied license because Plaintiff, Parlux, and/or Zeller impliedly or explicitly directly or indirectly, licensed, authorized, consented to, or acquiesced to the acts complained of in the Complaint.

## Eighth Affirmative Defense

## (Works Made for Hire)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, because the works at issue are works made for hire in which Plaintiff owns no copyright interest.

## Ninth Affirmative Defense

## (Co-Ownership of Copyright)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, because the works at issue are works co-owned by parties who may license them on a non-exclusive basis without Plaintiff's consent.

## Tenth Affirmative Defense

## (Acts of Other Parties)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, because Plaintiff's allegations are predicated on the acts of parties other than Defendants.

## Eleventh Affirmative Defense

## (Statute of Limitations)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, because Plaintiff failed to file her Complaint within the governing statutes of limitations.

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC, AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S COUNTERCLAIMS

## Twelfth Affirmative Defense

## (Innocent Infringement)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred, in whole or in part, because Plaintiff's allegations are predicated on acts of innocent infringement.

## Thirteenth Affirmative Defense

## (No Statutory Damages)

Plaintiff's Complaint, and each claim for relief alleged therein, are not entitled to statutory damages under 17 U.S.C. § 504(c) because the works at issue were not federally registered before the alleged infringement of them occurred or within three months of their first publication.

## Fourteenth Affirmative Defense

## (Reservation of Rights)

Defendants reserve the right to amend their answer to assert or preserve affirmative defenses that may become available or apparent during the course of this action.

1

2

## COUNTERCLAIMS

## INTRODUCTION

3       1.      Ms. Hilton's counterclaims arise from Occhipinti's disingenuous attempt to

4    recast her involvement in a 2019 fragrance advertisement campaign photoshoot. In her

5    Complaint, Occhipinti knowingly falsely and unlawfully claims that she is the sole

6    owner of all copyright in certain photographs taken in connection with a 2019 shoot for

7    Ms. Hilton's "Electrify" fragrance brand (the "Photographs"). Based on this false claim,

8    Occhipinti alleges the Hilton Parties improperly used the Photographs outside the scope

9    of a granted license without her consent. Nothing could be further from the truth.

10   Occhipinti has never owned any copyright in any of the Photographs and has never had

11   the ability to grant or refuse to grant any license to use the Photographs. Accordingly,

12   Occhipinti has no basis to make the allegations in her Complaint.

13      2.      In truth, Occhipinti created the Photographs as works made for hire in favor

14   of established photography agency and production company Zeller, and its client, Parlux

15   Fragrances, LLC ("Parlux"). During the one-day, non-union photoshoot in which the

16   Photographs were taken by Occhipinti for Zeller and/or Parlux (the "Photoshoot"),

17   Zeller supplied Parlux's production requirements, including but not limited to the crew

18   and equipment. Zeller also supplied the photographer for Parlux's Photoshoot by hiring

19   Occhipinti for her photography services. In exchange for her photography services,

20   Occhipinti knowingly and willingly agreed to accept, and then did accept, one thousand

21   and five hundred dollars ($1,500.00 USD) from Zeller.[1] Occhipinti has always known of

22   the production agreement between Zeller and Parlux in which Zeller agreed to produce

23   the Electrify photoshoot for Parlux. Accordingly, all of the parties involved in the

24   Photoshoot, including Occhipinti, have always understood that Occhipinti was hired to

25

26   _____

[1] Attached hereto as **Exhibit 1** is a true and correct copy of Occhipinti's invoice to Zeller

27   for $1,500.00 for her "Photography" during the Photoshoot.

28

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC,
AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S
COUNTERCLAIMS

create works made for hire in favor of Zeller and/or Parlux and that Occhipinti has never held any interest in the copyright in any of the Photographs. Notably, as the owner(s) of any and all copyright interest in the Photographs, Zeller and/or Parlux have always had the ability to license the Photographs to Ms. Hilton without Occhipinti's consent. Even if the Photographs do not constitute works made for hire owned exclusively by Zeller and/or Parlux, which they do, Zeller and/or Parlux are still joint owner(s) of the Photographs with the ability to license them to Ms. Hilton without Occhipinti's consent. Based on this understanding, Zeller and/or Parlux validly licensed the Photographs to Ms. Hilton for use in and on, among other things, the Internet and new media. None of the Hilton Parties have ever used any of the Photographs in any way that exceeds the scope of this license.

3.     Nonetheless, in spite of the documented facts of this case and in violation of the law, Occhipinti has independently declared that she is the sole owner of the copyright in the Photographs, even going so far as to improperly register them with the U.S. Copyright Office. Occhipinti now seeks to rely on this invalid copyright registration to demand that innocent third parties to her photography services arrangement, Ms. Hilton and her entities, compensate her beyond the amount to which she agreed to be paid by Zeller. In a further effort to commercially and improperly benefit from the Photographs at the direct expense of the Hilton Parties, Occhipinti has also resorted to exploiting the Photographs on her publicly available photographer catalogue advertising website, Fiography.com, in violation of Zeller's and/or Parlux's ownership rights and Ms. Hilton's trademark rights and rights of publicity.[2] Disgruntled with the valid and enforceable terms to which she agreed with Zeller and/or Parlux,

---

[2] *See* Occhipinti's impermissible use of the Photographs on her publicly available photographer catalogue advertising website Fiography.com (available at http://www.fiography.com/paris-hilton-electrify-campaign).

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC, AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S COUNTERCLAIMS

Occhipinti now attempts to blame everyone and anyone other than herself for her inability to continue profiting from the Photographs, even the model who made them possible and who afforded her the opportunity of a lifetime.

4.    In sum, Occhipinti relies on a false and invalid copyright registration that she unlawfully filed to assert a litany of baseless claims against the Hilton Parties, who are innocent third parties to her arrangement to create works made for hire in favor of Zeller and/or Parlux. Occhipinti has also falsely indicated Ms. Hilton as the source of her catalogue and services as well as Ms. Hilton's endorsement and/or sponsorship of her photography without Ms. Hilton's consent. In response, Ms. Hilton seeks the Court's ruling that Occhipinti has never owned any copyright interest in any of the Photographs and that Occhipinti has violated Ms. Hilton's trademark rights.

## THE PARTIES

5.    Counter-Defendant Occhipinti is a citizen of the United States and a domiciliary of California.

6.    Counter-Claimant Paris Hilton is a citizen of the United States and a domiciliary of California.

7.    Counter-Claimant Paris Hilton is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 10 inclusive and, therefore, sues said defendants by such fictitious names. Counter-Claimant Paris Hilton will amend this complaint to allege the true names and capacities of such fictitiously named defendants when the same have been ascertained. Counter-Claimant Paris Hilton is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences, acts, and omissions alleged herein, and that her damages were proximately caused by their conduct.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Counter-Claimant Paris Hilton asserts causes of action arising under the Copyright Act and Lanham Act.

9.    The Court has personal jurisdiction over Counter-Defendant Occhipinti because, upon information and belief, Occhipinti is a domiciliary of California and transacts a significant amount of business in California.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions which gave rise to the claims occurred in this district, and 28 U.S.C. §1400(a) because Counter-Defendant Occhipinti resides in this District.

## FACTUAL BACKGROUND

11.    Ms. Hilton is an established model, actor, musical artist, and activist with a significant amount of experience modeling for the biggest brands and designers in the world, including but not limited to Versace, Christian Cowan, and Savage x Fenty.

12.    Zeller is an established photography agency and production company with significant experience in hiring and directing photographers to shoot photographs for use in advertisement campaigns featured in, among other mediums, web, digital, new media, industrial, print, commercial, and "out-of-house" (i.e., billboards, vehicles) formats.

13.    Parlux is an established beauty company that designs, manufactures, markets, and distributes fragrances and related consumer products on a global scale. Parlux manages Ms. Hilton's fragrance portfolio and Ms. Hilton serves as the face of the "Electrify Paris Hilton" fragrance for media and advertising purposes. Ms. Hilton owns the federal "Electrify Paris Hilton" trademark (Reg. No. 5945479) (the "Hilton Trademark").

14.    Occhipinti purports to be an established commercial photographer who provides photography services to clients in the fashion and beauty industries. Upon

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC, AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S COUNTERCLAIMS

information and belief, Occhipinti is experienced in negotiating and providing her photography services to create works made for hire owned by production companies and brands to be used in their advertisement campaigns. Upon information and belief, Occhipinti has worked with Zeller many times, and each time has agreed to provide her photography services to create works made for hire for Zeller to license to Zeller's clients.

15.  Upon information and belief, Zeller hired Occhipinti's husband to be the videographer of the Photoshoot. Occhipinti's husband informed Zeller's owner, Jonny Zeller, that Occhipinti was interested in being employed by Zeller to provide photography services for the Photoshoot. Prior to the Photoshoot, Occhipinti agreed with Zeller to provide photography services to Zeller. Occhipinti always knew that she was being hired, just like her husband, to create works made for hire for Zeller and/or Parlux.

16.  In or around June 2019, Zeller agreed to license the Photographs from the Photoshoot to Parlux and Ms. Hilton. Zeller granted Parlux and Ms. Hilton the right to use the Photographs for, among other things, industrial, web-based, and/or new media (i.e., digital media). Parlux and Ms. Hilton had the right to expand the scope of their use of the Photographs at their election. Accordingly, in the event that Parlux and/or Ms. Hilton chose to expand their usage of the Photographs, their only obligation was to inform Zeller.

17.  Zeller further agreed to supply all production requirements (crew, equipment, etc.) and to hire the photographer of the Photoshoot. Honoring these obligations, Zeller supplied Parlux's production requirements and hired Occhipinti for her photography services.

18.  Leading up to the Photoshoot, Occhipinti thoroughly discussed the terms of her employment with Zeller. Ultimately, Occhipinti knowingly and willingly agreed to accept from Zeller, and did accept from Zeller, one thousand and five hundred dollars ($1,500.00 USD) in exchange her photography services.

19.     The Photoshoot took place sometime after Parlux and Zeller entered into their agreement in 2019. Before and throughout the Photoshoot, Zeller, Parlux, and Ms. Hilton, *but not Occhipinti*, were the creative forces and masterminds behind the Photoshoot, exercising control over the set and Occhipinti at all times. Upon information and belief, Zeller, Parlux, and Ms. Hilton provided specific guidance to Occhipinti for how she should perform her photography services to create the desired photographs.

20.     Sometime following the Photoshoot, Occhipinti invoiced Zeller for the full $1,500.00 USD "Photography Rate" for her photography services regarding the Photoshoot. In response to this invoice and in accordance with obligations discussed prior to the Photoshoot, Zeller paid Occhipinti promptly and fully for her services. Upon information and belief, Parlux also promptly and fully paid Zeller for its production services on the Photoshoot.

21.     Notably, if Occhipinti genuinely had any questions regarding ownership of any of the Photographs, she never attempted to seek clarification from Zeller, Parlux, or any of the Hilton Parties. Nonetheless, around one year following the Photoshoot, Occhipinti independently decided that she owned all of the copyright interest in the Photographs and registered the Photographs with the U.S. Copyright Office without discussing her intentions with Zeller, Parlux, or any of the Hilton Parties.

22.     The false and invalid federal registration filed by Occhipinti for the Photographs has a registration number of VA 0002235871, an effective registration date of November 18, 2020, and a registration decision date of February 3, 2021 (the "Registration"). On the invalid Registration, Occhipinti lists the "Earliest Publication Date" of the Photographs as September 30, 2019 and the "Latest Publication Date" of the Photographs as October 15, 2019.[3]

---

[3] A true and correct copy of the invalid Registration is attached hereto as **Exhibit 2**.

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC, AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S COUNTERCLAIMS

23.     At no point either before, during, or for two years following the Photoshoot did Occhipinti express any issues or concerns regarding the Photoshoot or the terms to which she agreed with Zeller and/or Parlux. Then, over two years following the Photoshoot, Occhipinti began making demands against the Hilton Parties for making allegedly infringing uses of the Photographs. In making these demands, Occhipinti falsely claimed that she and Parlux agreed that she would retain the copyrights to the Photographs and that she had "never even heard of" and "had nothing to do with" Zeller. These are blatant lies.

24.     Indeed, an investigation by the Hilton Parties' counsel revealed that Occhipinti created the Photographs as works made for hire in favor of Zeller and/or Parlux. Accordingly, Zeller and/or Parlux held all of the copyright interest in the Photographs and broadly licensed them to Ms. Hilton for her use, which included, but was not limited to, Internet and new media uses. Further, the Hilton Parties' counsel's investigation revealed that, despite her representations that she had "never even heard of Zeller" and "had nothing to do with Zeller," Occhipinti had in fact contracted with Zeller and invoiced Zeller for the exact "Photography Rate" that she agreed to be paid for her photography services on the Photoshoot. The investigation also revealed that the very reason that Occhipinti was ever even considered to provide photography services on the Photoshoot was because Zeller had hired her husband to work on the "Electrify" campaign on similar terms and Occhipinti's husband asked Zeller to hire Occhipinti. Accordingly, the investigation revealed Occhipinti knew that she never held any copyright interest in the Photographs and that she undoubtedly had a relationship with Zeller.

25.     Moreover, during the investigation, the Hilton Parties also discovered that Occhipinti had been commercially exploiting the Photographs and Ms. Hilton's trademarks for her sole benefit on her publicly available photographer catalogue advertising website Fiography.com without Ms. Hilton's permission. These uses falsely

and unlawfully indicated Ms. Hilton's source, endorsement, and/or sponsorship of Occhipinti's photography catalogue and services.

26.     Following their investigation, the Hilton Parties' counsel substantively replied to Occhipinti's demands such that Occhipinti was provided with all of the information discovered during their investigation.

27.     Now many months removed from the most recent correspondence between the parties' counsel, Occhipinti has filed a Complaint despite knowing that she has no claims of merit against any of the Hilton Parties and that her copyright registration for the Photographs is invalid and unlawful.

## Occhipinti's Unauthorized Use of the Persona Trademarks
## and the Hilton Trademark

28.     Beyond her filing of her false Registration, Occhipinti has also unlawfully used Ms. Hilton's trademarks without Ms. Hilton's consent in violation of her trademark rights. Indeed, Occhipinti published the Photographs on her publicly available photographer catalogue advertising website, Fiography.com, without Ms. Hilton's consent, falsely and deceivingly indicating Ms. Hilton's source, endorsement, and/or sponsorship of her photography catalogue and services. Ms. Hilton was never asked to and did not sign any model release. Nor did Ms. Hilton ever consent to Occhipinti's use of her name, likeness, and/or trademarks.

29.     Ms. Hilton is an internationally known celebrity and influencer with significant power of endorsement. Ms. Hilton's name, likeness, and persona are distinctive and non-functional, have been used throughout the United States and worldwide, and are well-known to the trade and members of the purchasing public. Accordingly, Ms. Hilton's name, likeness, and persona are valid, protectable trademarks (the "Persona Trademarks"). Ms. Hilton is the sole owner of the Persona Trademarks.

30.     Ms. Hilton federally registered the Hilton Trademark on December 24, 2019. The Hilton Trademark is distinctive and non-functional, has been used throughout

the United States and worldwide, and is well-known to the trade and members of the purchasing public. Accordingly, the Hilton Trademark is a valid, protectable trademark. Ms. Hilton is the sole owner of the Hilton Trademark.

31.    On or about October 10, 2021, Occhipinti published eight (8) Photographs taken during the Photoshoot on her publicly available photographer catalogue advertising website Fiography.com. The Persona Trademarks are featured in all of the Photographs that Occhipinti published on Fiography.com. The Hilton Trademark is featured in one (1) of the Photographs that Occhipinti published on Fiography.com.

32.    Ms. Hilton never consented expressly, impliedly, or otherwise to any of Occhipinti's uses of any of the Persona Trademarks or the Hilton Trademark in any manner, including but not limited to publishing any of the Photographs featuring any of the Persona Trademarks or the Hilton Trademark on any publicly available photographer catalogue advertising website, including but not limited to Fiography.com.

33.    Occhipinti's unauthorized use of Ms. Hilton's trademarks without her consent infringes Ms. Hilton's trademark rights and falsely, misleadingly, and deceivingly indicates Ms. Hilton's source, endorsement, and/or sponsorship of Occhipinti's photography catalogue and services. Viewers and customers of Occhipinti's Fiography.com website (or any other publicly available photographer catalogue advertising website on which Occhipinti may have published any of the Photographs) are likely to mistake Occhipinti's inclusion of Ms. Hilton's trademarks for Ms. Hilton's source, endorsement and/or sponsorship of Occhipinti's catalogue and services.

34.    When the name, likeness, persona, and registered trademarks of a public figure of Ms. Hilton's stature and recognition appear in an advertisement, especially a photography-based advertisement, their presence is inescapably interpreted as source, endorsement and/or sponsorship. Ms. Hilton is a globally recognized professional model and influencer, so her fame and success are entirely related to Occhipinti's advertised photography catalogue and services on Fiography.com.

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC,
AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S
COUNTERCLAIMS

35.     Occhipinti commercially benefits from her use of Ms. Hilton's trademarks in the Photographs on publicly available photographer catalogue advertising websites such as Fiography.com. Fiography.com and other publicly available photographer catalogue advertising websites are used by Occhipinti and other creatives to showcase and advertise their catalogue and skillset to prospective customers. Knowing that she did not have Ms. Hilton's consent to use Ms. Hilton's trademarks on her catalogue advertisement website, Occhipinti intentionally selected the Photographs featuring Ms. Hilton's trademarks for no other reason than to gain commercial success for herself while excluding Ms. Hilton from any of the commercial benefits.

36.     In sum, Occhipinti has commercially exploited Ms. Hilton's trademarks on Fiography.com without Ms. Hilton's consent and falsely indicated Ms. Hilton's source, endorsement and/or sponsorship of her catalogue and photography services. Occhipinti has no right to use the Photographs featuring Ms. Hilton and Ms. Hilton has not been paid any license fee or any other compensation by Occhipinti for her unlawful use of her trademarks in the Photographs. Accordingly, Ms. Hilton is left with no choice but to file this Counter-Complaint seeking the Court's declaration that Occhipinti never owned any copyright in any of the Photographs and that ***she is the one who has violated Ms. Hilton's trademark rights*** by falsely indicating Ms. Hilton is someone who sourced, endorsed and/or sponsored her photography catalogue and services.

## FIRST COUNTERCLAIM – DECLARATORY RELIEF OF NO COPYRIGHT INFRINGEMENT

### (By Counter-Claimant Against All Counter-Defendants)

37.     Ms. Hilton hereby refers to and incorporates each of the preceding Paragraphs 1-36 of this Counter-Complaint as though full set forth herein.

38.     Sometime before the Photoshoot took place, Occhipinti agreed to take photographs that would constitute works made for hire in favor of Zeller and/or Parlux during Parlux's "Electrify" fragrance Photoshoot. Occhipinti knowingly and willingly

agreed to accept, and then did accept, one thousand and five hundred dollars ($1,500.00 USD) from Zeller in exchange her photography services for the Photoshoot. Under the terms of this agreement, Zeller and/or Parlux would own the copyright in and to all of the Photographs taken by Occhipinti as works made for hire.

39.     As the owner(s) of any and all copyright in the Photographs, Zeller and/or Parlux have always had the ability to license the Photographs to Ms. Hilton without Occhipinti's consent. Even if the Photographs do not constitute works made for hire owned exclusively by Zeller and/or Parlux, which they do, Zeller and/or Parlux are still joint owner(s) of the Photographs with the ability to license them to Ms. Hilton without Occhipinti's consent. Based on this understanding, Zeller and/or Parlux validly licensed the Photographs to Ms. Hilton for use in and on, among other things, the Internet and new media. None of the Hilton Parties have ever used any of the Photographs in any way that exceeds the scope of this license.

40.     In or around June 2019, Parlux and Zeller agreed to terms by which Zeller would produce the advertisement campaign for Parlux's "Electrify" fragrance Photoshoot. Occhipinti has always known of the existence and terms of the production agreement between Zeller and Parlux. Accordingly, all of the parties involved in the Photoshoot, including Occhipinti, have always understood that Occhipinti was hired to take the Photographs, which would constitute works made for hire in favor of Zeller and/or Parlux, and that Occhipinti has never held any interest in the copyright in any of the Photographs.

41.     Leading up to and throughout the Photoshoot, Zeller supplied Parlux's production requirements, including but not limited to the crew and equipment, and hired the photographer for Parlux's Photoshoot, Occhipinti. Zeller, Parlux, and Ms. Hilton, *but not Occhipinti*, were the creative forces and masterminds behind the Photoshoot. Upon information and belief, Zeller, Parlux, and Ms. Hilton exercised control over the set and

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC, AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S COUNTERCLAIMS

Occhipinti at all times and provided specific guidance to Occhipinti for how she should perform her photography services to create the desired photographs.

42.     Nonetheless, over one year following the Photoshoot, Occhipinti independently decided that she owned all of the copyrights in and to the Photographs and falsely and unlawfully registered the Photographs with the U.S. Copyright Office. Occhipinti did so without ever attempting to seek clarification from Zeller, Parlux, or any of the Hilton Parties regarding ownership of the copyright in the Photographs.

43.     The invalid Registration for the Photographs has a registration number of VA 0002235871. The invalid Registration provides an effective registration date of November 18, 2020 and a registration decision date of February 3, 2021. The invalid Registration provides the "Earliest Publication Date" of the Photographs is September 30, 2019 and the "Latest Publication Date" of the Photographs is listed as October 15, 2019.

44.     As a direct and proximate result of the acts described in the preceding paragraphs, including but not limited to the filing of the false and invalid Registration detailed herein, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Occhipinti has never owned any copyright in any of the Photographs subject to the Registration and that the Registration is invalid such that the Hilton Parties have not infringed and are not infringing Occhipinti's non-existing copyright interest in any of the Photographs. Alternatively, the Hilton Parties are entitled to a declaration that Zeller and/or Parlux are co-owners of the copyright interest in the Photographs and have the ability to license the use of the Photographs to Ms. Hilton, and that Ms. Hilton did not use the Photographs in any manner that was not permissible.

45.     A judicial declaration is necessary and appropriate so that the Hilton Parties may ascertain their rights to continue using the Photographs in the manner set out in this Counter-Complaint.

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC,
AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S
COUNTERCLAIMS

46.     Pursuant to 17 U.S.C. §§ 505 and 1203(b)(4)-(5), the Hilton Parties are entitled to recover their reasonable costs and attorneys' fees from Occhipinti.

## SECOND COUNTERCLAIM – STATUTORY TRADEMARK INFRINGEMENT (LANHAM ACT §§ 32 and 43(a))

### (By Counter-Claimant Against All Counter-Defendants)

47.     Ms. Hilton hereby refers to and incorporates each of the preceding Paragraphs 1-46 of this Counter-Complaint as though full set forth herein.

48.     Lanham Act § 32 and § 43(a) respectively prohibit the use in commerce of registered and unregistered marks in connection with sale, distribution, or advertising of goods or services in a way that is likely to cause confusion, mistake, or deception as to the source of those goods or services.

49.     Through her above-described actions, Occhipinti has used and continues to use in commerce reproductions or copies of the Persona Trademarks and the Hilton Trademark and/or colorable imitations thereof that are confusingly similar to those marks in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause consumer confusion, or to cause mistake, or to deceive consumers as to the source of those goods or services.

50.     The aforesaid conduct of Occhipinti has been done without the consent or permission of Ms. Hilton.

51.     On information and belief, Occhipinti's acts of trademark infringement have been done willfully and deliberately and Occhipinti has profited and been unjustly enriched by sales that Occhipinti would not otherwise have made but for her unlawful conduct. As such, Ms. Hilton is entitled to the disgorgement of Occhipinti's profits under 15 U.S.C.§ 1117(a).

52.     Ms. Hilton has no adequate remedy at law. Ms. Hilton is entitled to injunctive relief because the conduct of Occhipinti described above has caused and, if

not enjoined, will continue to cause irreparable damage to the rights of Ms. Hilton in her trademarks, and to the business, reputation, and goodwill of Ms. Hilton.

53.     As a proximate result of Occhipinti's conduct, Ms. Hilton has suffered and continues to suffer monetary damages in an amount not yet fully ascertainable, but which is believed to be in excess of One Million Dollars ($1,000,000), and Occhipinti has unlawfully profited in an amount which cannot be accurately computed at this time but will be proven at trial.

54.     This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Occhipinti's actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Ms. Hilton's rights. As such, Ms. Hilton is entitled to recover her attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD COUNTERCLAIM – STATUTORY TRADEMARK INFRINGEMENT (CAL. BUS. & PROF. CODE § 14245)

#### (By Counter-Claimant Against All Counter-Defendants)

55.     Ms. Hilton hereby refers to and incorporates each of the preceding Paragraphs 1-54 of this Counter-Complaint as though full set forth herein.

56.     California Business and Professions Code § 14245 provides that the owner of a registered mark may hold liable another person who uses, reproduces, or knowingly facilitates another person's use or reproduction of the mark in connection with the sale or advertising of any goods or services in a way that is likely to cause confusion as to the source of those goods or services.

57.     Through her above-described actions, Occhipinti has used and continues to use in commerce reproductions or copies of the Persona Trademarks and the Hilton Trademark and/or colorable imitations thereof that are confusingly similar to those marks in connection with the sale, offering for sale, distribution, or advertising of goods

and services, which use is likely to cause consumer confusion, or to cause mistake, or to deceive consumers as to the source of those goods or services.

58.     The aforesaid conduct of Occhipinti has been done without the consent or permission of Ms. Hilton.

59.     On information and belief, Occhipinti's acts of trademark infringement have been done willfully and deliberately and Occhipinti has profited and been unjustly enriched by sales that Occhipinti would not otherwise have made but for her unlawful conduct.

60.     Ms. Hilton has no adequate remedy at law. Ms. Hilton is entitled to injunctive relief because the conduct of Occhipinti described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Ms. Hilton in her trademarks, and to the business, reputation, and goodwill of Ms. Hilton.

61.     As a proximate result of Occhipinti's conduct, Ms. Hilton has suffered and continues to suffer monetary damages in an amount not yet fully ascertainable but which is believed to be in excess of One Million Dollars ($1,000,000), and Occhipinti has unlawfully profited in an amount which cannot be accurately computed at this time but will be proven at trial.

**FOURTH COUNTERCLAIM— FALSE ENDORSEMENT**
**(LANHAM ACT § 43(a))**

**(By Counter-Claimant Against All Counter-Defendants)**

62.     Ms. Hilton hereby refers to and incorporates each of the preceding Paragraphs 1-61 of this Counter-Complaint as though full set forth herein.

63.     Lanham Act § 43(a)(1)(A) prohibits a false representation which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the sponsorship or approval of the defendant's goods, services, or commercial activities by another person. A

celebrity's human persona or identity constitutes trademarks that may be infringed by a false endorsement.

64.     Through her above-described actions, Occhipinti has used and continues to use in commerce reproductions or copies of the Persona Trademarks and the Hilton Trademark and/or colorable imitations thereof that are confusingly similar to those marks in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause consumer confusion, or to cause mistake, or to deceive consumers as to the source of those goods or services.

65.     The aforesaid conduct of Occhipinti has been done without the consent or permission of Ms. Hilton.

66.     On information and belief, Occhipinti's acts of false trademark endorsement and/or sponsorship have been done willfully and deliberately and Occhipinti has profited and been unjustly enriched by sales that Occhipinti would not otherwise have made but for her unlawful conduct. As such, Ms. Hilton is entitled to the disgorgement of Occhipinti's profits under 15 U.S.C. § 1117(a).

67.     Ms. Hilton has no adequate remedy at law. Ms. Hilton is entitled to injunctive relief because the conduct of Occhipinti described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Ms. Hilton in her trademarks, and to the business, reputation, and goodwill of Ms. Hilton.

68.     As a proximate result of Occhipinti's conduct, Ms. Hilton has suffered and continues to suffer monetary damages in an amount not yet fully ascertainable but which is believed to be in excess of One Million Dollars ($1,000,000), and Occhipinti has unlawfully profited in an amount which cannot be accurately computed at this time but will be proven at trial.

69.     This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Occhipinti's actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Ms.

1
2
Hilton's rights. As such, Ms. Hilton is entitled to recover her attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

### (By Counter-Claimant Against All Counter-Defendants)

70.    Ms. Hilton repeats and realleges each and every allegation contained in paragraphs 1 through 69 of the Counter-Complaint as if set forth in full herein.

71.    Occhipinti has committed acts of unfair competition, proscribed by California Business and Professions Code § 17200 *et seq*., including the practices and conduct referred to above. These actions constitute unfair, fraudulent, and/or unlawful business acts or practices under Cal. Civ. Code § 1710.

72.    Specifically, Occhipinti knew she did not have the rights to use Ms. Hilton's trademarks in any manner when she published them on Fiography.com. Despite having this knowledge, Occhipinti falsely represented to the consuming public that Ms. Hilton is someone who sourced, endorsed, and/or sponsored her photography catalogue and services. Occhipinti did so in bad faith and with a deceitful purpose to her own commercial advantage and benefit.

73.    Ms. Hilton has been, and will continue to be, damaged and irreparably harmed by Occhipinti's actions unless they are enjoined by this Court.

74.    By reason of such wrongful acts, Ms. Hilton is and was, and will be in the future, deprived of, among others, the profits and benefits of business relationships, agreements, and transactions with various existing fans and/or prospective fans and customers. Occhipinti has wrongfully obtained said profits and benefits on her own without the ability to do so and at the exclusion of Ms. Hilton. Ms. Hilton is entitled to compensatory damages and disgorgement of Occhipinti's said profits, in an amount to be proven at trial.

75.     Ms. Hilton is entitled to recover from Occhipinti her actual damages and a disgorgement of profits in an amount to be proven at trial for injuries sustained as a result of Occhipinti's unfair, fraudulent, and/or unlawful business acts or practices. As a proximate result of Occhipinti's conduct, Ms. Hilton has suffered and continues to suffer monetary damages in an amount not yet fully ascertainable but which is believed to be in excess of One Million Dollars ($1,000,000), and Occhipinti has unlawfully profited in an amount which cannot be accurately computed at this time but will be proven at trial.

76.     To the extent that Occhipinti's actions persist, Ms. Hilton is additionally entitled to preliminary and permanent injunctive relief, restraining Occhipinti from engaging in further acts constituting unfair, fraudulent, and/or unlawful business acts or practices.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Hilton demands judgment against Counter-Defendant Occhipinti as follows:

1.     For a declaration that Occhipinti has never owned any copyright interest in any of the Photographs and the Registration is invalid such that there has been no copyright infringement by the Hilton Parties; or, alternatively, a declaration that Zeller and/or Parlux are co-owners of the copyright interest in the Photographs and have the ability to license the use of the Photographs to Ms. Hilton, and that Ms. Hilton did not use the Photographs in any manner that was not permissible;

2.     For an award of actual damages in excess of One Million Dollars ($1,000,000) for Occhipinti's trademark infringement, false endorsement, and/or false sponsorship in the commercial use and/or advertisement of her photography catalogue and/or services, as well as her unfair, fraudulent, and/or unlawful business practices;

3.     For preliminary and permanent injunctions enjoining and restraining Occhipinti, her agents, employees, representatives, partners, joint venturers, and anyone acting on behalf of, or in concert with Occhipinti, from using and/or otherwise

1  reproducing and/or copying any of the Persona Trademarks or the Hilton Trademark in

2  any way, including but not limited to her publications of the Photographs;

3      4.    For reasonable attorneys' fees and costs of suit incurred herein;

4      5.    For pre-judgment and post-judgment interest on all damages awarded by

5  this Court;

6      6.    For such other and further relief as the Court deems just and proper.

7

8  Dated:  February 9, 2023

    MICHAEL E. WEINSTEN

9      MAX D. FABRICANT

    LAVELY & SINGER, P.C.

10

11      By:   */s/ Michael E. Weinsten*

        MICHAEL E. WEINSTEN

12

13      Attorneys for Defendants

14      PARIS HILTON, PARIS HILTON

    ENTERTAINMENT, INC. AND

15      11:11 MEDIA, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANTS PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC,
AND 11:11 MEDIA, LLC TO PLAINTIFF'S COMPLAINT; AND PARIS HILTON'S
COUNTERCLAIMS

# EXHIBIT 1

# FIORELLA OCCHIPINTI

## INVOICE

818-331-8884

Mailing Address:

4824 TUJUNGA AVE #205

NORTH HOLLYWOOD, CA 91601

Attention:

**Project:** Electrify
**Company:**
Zeller Ventures, LLC.
11045 La Maida St.,
North Hollywood, CA 91601

| Description | | | RATE |
|---|---|---|---|
| Photography Rate | | | $ 1,500.00 |
| Retouching ($15x image) will be handled separately | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | Total | $ 1,500.00 |

1

# EXHIBIT 2



United States Copyright Office

**The Library has opened access to some reading rooms by appointment only. More. The Jefferson Building has reopened to visitors via timed, ticketed entry. More.**

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Occhipinti
Search Results: Displaying 20 of 125 entries

◄ previous    next ►



*ELECTRIFY.*

**Type of Work:** Visual Material

**Registration Number / Date:** VA0002235871 / 2020-11-18

**Application Title:** ELECTRIFY

**Title:** ELECTRIFY. [Group registration of published photographs. 7 photographs. 2019-09-30 to 2019-10-15]

**Description:** 7 photographs : Electronic file (eService)

**Copyright Claimant:** Claudia Fiorella Occhipinti, 1990- . Address: 4824 Tujunga Ave, #205, North Hollywood, CA, 91601, United States.

**Date of Creation:** 2019

**Publication Date Range:** 2019-09-30 to 2019-10-15

**Nation of First Publication:** United States

**Authorship on Application:** Claudia Fiorella Occhipinti, 1990- ; Domicile: United States; Citizenship: United States. Authorship: photographs.

**Rights and Permissions:** Claudia Fiorella Occhipinti, 4824 Tujunga Ave, #205, North Hollywood, CA, 91601, United States, (818) 331-8884, fiorellaocchipinti@gmail.com

**Copyright Note:** Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

9/29/21, 12:39 PM

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

**Photographs:** Published in September 2019 (7 photographs): ELECTRIFY_06049, ELECTRIFY_06054, ELECTRIFY_06291, ELECTRIFY_06314, ELECTRIFY_06371, ELECTRIFY_06868ELECTRIFY_06940

**Names:** Occhipinti, Claudia Fiorella, 1990-



| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format | Full Record ▾ | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page