Emilie Esther Pitts (FL SBN 1000396)
9248 SE Island Place
Tequesta, FL 33469
Tel: (347)-737-0781
Email: emilie@emiliepitts.com

David Leichtman (NY SBN 2824480)
228 East 45th Street, Suite 605
New York, New York 10017
Tel: 212-419-5210, Ext. 1
Email: dleichtman@leichtmanlaw.com

Godwin LLP
Harold McDougall IV (CA SBN 234972)
12021 Wilshire Blvd #538
Los Angeles, CA 90025
Tel: (424) 704-5647
Email: hmcdougall@godwinllp.com

Attorneys for Plaintiff
CLAUDIA FIORELLA OCCHIPINTI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA FIORELLA OCCHIPINTI, a California Resident, Plaintiff, vs. PARIS HILTON, a California Resident, PARIS HILTON ENTERTAINMENT, INC., a California Corporation, 11:11 Media, LLC, a California LLC, and DOES 1 through 10, inclusive, Defendants. | Case No.: 2:22-cv-08688-DMG-PD _____ **COUNTER-DEFENDANT CLAUDIA FIORELLA OCCHIPINTI'S ANSWER TO PARIS HILTON'S COUNTERCLAIMS & AFFIRMATIVE DEFENSES** |

Counter-Defendant Claudia Fiorella Occhipinti (p/k/a/ as Fiorella Occhipinti, hereafter, "Ms. Occhipinti" or "Counter-Defendant"), answers Paris Hilton's ("Ms. Hilton") Counterclaims (the "Counterclaims") as follows:

## INTRODUCTION

1.      The allegations in Paragraph 1 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that her case concerns a 2019 fragrance advertisement campaign photoshoot relating to the "Electrify" fragrance brand, that she is the sole owner of all copyright in certain photographs taken in connection with that photoshoot (the "Photographs"), and that she alleges the Hilton Parties improperly used the Photographs outside the scope of a granted license without her consent. Counter-Defendant denies the remaining allegations set forth in Paragraph 1 of the Counterclaims.

2.      The allegations in Paragraph 2 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations in Paragraph 2, and by way of further response states that the works at issue cannot be a "works made for hire" under the Copyright Act because Ms. Occhipinti was not a regular employee of the party who asked her to perform the photoshoot, the works at issue are not within the none (9) enumerated statutory categories of works that can be "works made for hire" under the second paragraph of the definition of "works made for hire" in the Copyright Act, and in any event, there is no written agreement stating that the works are "works made for hire," as clearly evidenced by Exhibit 1 to the Counterclaims.  By way of additional further response, Occhipinti states that the works are not "joint works" as defined under the Copyright Act because there was no contemporaneous understanding that the works were "joint works," and there was no intent for the works to be created as "joint works."  Ms. Occhipinti also denies specifically that either Zeller or Parlux had the authority to, or did, license the works to the defendants for the uses complained of in the Complaint. As such,

the Counterclaims are frivolous, irresponsible, and so objectively unreasonable as to be sanctionable.

3.      The allegations in Paragraph 3 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that she declared, and that she is, in fact, the sole owner of the copyright in the Photographs, and has registered them with the U.S. Copyright Office. She also admits that she included one of the Photographs in a display on her website, which every Court who has considered the issue has held that she is permitted to do as the copyright owner, and thus this paragraph is another frivolous, irresponsible, and objectively unreasonable statement which is sanctionable.  Counter-Defendant denies the remaining allegations set forth in Paragraph 3.

4.      The allegations in Paragraph 4 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations in Paragraph 4.

## THE PARTIES

5.      To the extent a response is required, Counter-Defendant admits the allegations contained in Paragraph 5 of the Counterclaims.

6.      To the extent a response is otherwise required, Counter-Defendant admits the allegations contained in Paragraph 6 of the Counterclaims.

7.      The allegations in Paragraph 7 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Counterclaims and on that basis denies them.

## JURISDICTION AND VENUE

8.      The allegations in Paragraph 8 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that Paris Hilton asserts causes of action under the

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

Lanham Act, even those causes of action are meritless.  Counter-Defendant denies that Paris Hilton assets any valid or recognized cause of action under the Copyright Act, or that any purported counterclaim under the Copyright Act has any merit.

9.     The allegations in Paragraph 9 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits she is a domiciliary of California and transacts a significant amount of business in California.

10.     The allegations in Paragraph 10 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits she resides within the Central District of California.

**FACTUAL BACKGROUND**

11.     As to the allegations in Paragraph 11 of the Counterclaims, Counter-Defendant admits that Paris Hilton is a celebrity, but lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations about the extent of her work stated in Paragraph 11 of the Counterclaims and on that basis denies them.

12.     As to the allegations in Paragraph 12 of the Counterclaims, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Counterclaims and on that basis denies them, except admits that Zeller is a production company.

13.     As to the allegations in Paragraph 13 of the Counterclaims, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Counterclaims and on that basis denies them, except admits that Parlux distributes fragrances and admits that U.S. Trademark Reg. No. 5945479 purports to be owned by Ms, Hilton and purports to be a word mark with the word "ELECTRIFY" in large type and all capital letters appearing above the words "PARIS HILTON" in all capital letters, and that on its face it is limited to the use of the word "ELECTRIFY" followed by "Paris Hilton" appearing below the word "Electrify," and further that it is limited to use for the purpose of selling goods and services in the

following categories:  Fragrances for personal use; perfume; perfume oils; eau de parfum; moisturizing skin lotion; body lotion; body oil; bath products, namely bath and shower gel, bubble bath, bath soap in liquid, solid or gel form, bath oil, talcum powder, dusting powder, body powder, body scrubs, body spray and body cream; and deodorant for personal use.

14.    As to the allegations in Paragraph 14 of the Counterclaims, Counter-Defendant admits that she is an established commercial photographer who provides photography services to clients in the fashion and beauty industries, among other industries. Counter-Defendant denies the remaining allegations set forth in Paragraph 14 of the Counterclaims.

15.    As to the allegations in Paragraph 15 of the Counterclaims, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Counterclaims and on that basis denies them, except admits that her husband was hired as a videographer by Zeller on more than one occasion.

16.    The allegations in Paragraph 16 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Counterclaims and on that basis denies them except admits to having licensed the use of her Photographs for use by Parlux (but not to any of the Defendants) specifically limited to use on packaging, industrial use (in store, at conventions or trade shows), and website uses related to the sale of a fragrance referred to as "Electrify," which Parlux confirmed by email.  By way of further response, Ms. Occhipinti states that neither Zeller nor Parlux had any right to further license the Photographs for any other digital media, new media, or to otherwise expand the scope of their use without her express written permission, which was never requested or given.

17.     As to the allegations in Paragraph 17 of the Counterclaims, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Counterclaims and on that basis denies them, except specifically denies that Zeller supplied any photography equipment used by Ms. Occhipinti for her Photographs.

18.     As to the allegations in Paragraph 18 of the Counterclaims, Counter-Defendant denies them, except admits that she accepted a $1,500 "day rate" to perform a photoshoot, and by way of further response states that on the day of the photoshoot, representatives of Parlux explained that a previous photoshoot for the fragrance packaging had gone poorly and the resulting images were unsuitable for the intended use on packaging, and that the scope of use they were requesting was for a limited license for use on packaging, industrial use (in store, at conventions or trade shows), and website uses related to the sale of a fragrance referred to as "Electrify," which Parlux later confirmed by email

19.     As to the allegations in Paragraph 19 of the Counterclaims, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Counterclaims and on that basis denies them, except denies specifically that throughout the Photoshoot anyone other than Ms. Occhipinti exercised control over the creative aspects of the taking of the Photographs or that anyone other than Ms. Occhipinti were the "creative forces and masterminds behind the Photoshoot."  By way of further response, to the contrary, Ms. Occhipinti arranged her own lighting setup, chose the angles, staged the positioning of the model, and performed all creative aspects of the Photoshoot without any assistance or guidance other than receiving input from representatives of Parlux that the previously unsuccessful photoshoot for the fragrance had resulted in images that lacked sharpness and were too blurry for their intended use on product packaging.

20.     As to the allegations in Paragraph 20 of the Counterclaims, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

allegations in Paragraph 20 of the Counterclaims and on that basis denies them, except admits that she invoiced Zeller for the $1,500 for her day rate, that she provided Zeller with W-9 form, and that Zeller paid the invoice.

21.     The allegations in Paragraph 21 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Counterclaims and on that basis denies them, except by way of further response states that the allegations in Paragraph 21 reflect an effort by Defendants to turn the Copyright Act upside-down to the extent they claim that Ms. Occhipinti was somehow required to "seek clarification" about her ownership of her copyrighted photographs since the law presumes she owns the copyright unless she agrees in a writing otherwise, which she did not do, and thus no "clarification" was necessary and no questions about her copyright ownership needed to be asked, and there was no need to discuss her "intentions" with anyone either.

22.     The allegations in Paragraph 22 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that the federal copyright registration filed by Counter-Defendant for the Photographs has a registration number of VA 0002235871, with an effective registration date of November 18, 2020 (the "Registration"), and that the Registration lists a first publication range between September 30, 2019 and October 15, 2019. Counter-Defendant denies the remaining allegations set forth in Paragraph 22 of the Counterclaims.

23.     As to the allegations in Paragraph 23 of the Counterclaims, Counter-Defendant denies the allegations.  By way of further response, to the extent that this Paragraph implies falsely that there was an obligation to stop Defendants' infringing activities earlier, Occhipinti states that she acted as soon as she became aware of Defendants' infringing uses of her Photographs and had she been aware of those uses earlier, she would have immediately objected to such uses.

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

24.     The allegations in Paragraph 24 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits she invoiced Zeller for her day rate, but further states that she lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Counterclaims and on that basis denies them, except she specifically denies that the works were "works made for hire," specifically denies that anyone other than Ms. Occhipinti owns any rights in the copyrights to the Photographs, specifically denies that the Photographs were "broadly licensed" for the uses set forth in her Complaint, specifically denies she had ever worked for Zeller or Parlux before the photoshoot, specifically denies that the works were created as "works made for hire" or that she had any knowledge to that effect. Counter-Defendant also specifically denies that her husband asked Zeller to hire Ms. Occhipinti but by way of further response states that her husband was advised a photographer was needed and that he suggested that she was available to perform the photoshoot.

25.     The allegations in Paragraph 25 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations in Paragraph 25 of the Counterclaims, except admits she posted the Photographs on her website which she was entitled to do as the copyright owner of the Photographs as confirmed by every Court that has considered the issue.

26.     The allegations in Paragraph 26 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that the Hilton Parties' counsel replied to Counter-defendant's correspondence, but denies knowledge and information sufficient to form a belief as to whether she was "provided with all of the information discovered during [Defendants'] investigation" of her claims, and those allegations are therefore denied.

27.     The allegations in Paragraph 27 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed

7

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

required, Counter-Defendant admits that she filed the Complaint initiating this lawsuit, but Counter-Defendant denies the remaining allegations set forth in Paragraph 27 of the Counterclaims.

28.    The allegations in Paragraph 28 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 28 of the Counterclaims, except admits she posted the Photographs on her website which she was entitled to do as the copyright owner of the Photographs as confirmed by every Court that has considered the issue.

29.    The allegations in Paragraph 29 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that Paris Hilton is a celebrity but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Counterclaims and on that basis denies them.

30.    The allegations in Paragraph 30 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Counterclaims and on that basis denies them.

31.    The allegations in Paragraph 31 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that she posted some of the Photographs on her website which she was entitled to do as the copyright owner of the Photographs as confirmed by every Court that has considered the issue. Counter-Defendant denies the remaining allegations set forth in Paragraph 31 of the Counterclaims.

32.    The allegations in Paragraph 32 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 32 of the

Counterclaims, except admits she posted the Photographs on her website which she was entitled to do as the copyright owner of the Photographs as confirmed by every Court that has considered the issue.

33.     The allegations in Paragraph 33 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 33 of the Counterclaims.

34.     The allegations in Paragraph 34 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 34 of the Counterclaims.

35.     The allegations in Paragraph 35 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 35 of the Counterclaims, except admits that the purpose of her website is to show her work and admits she posted the Photographs on her website which she was entitled to do as the copyright owner of the Photographs as confirmed by every Court that has considered the issue.

36.     The allegations in Paragraph 36 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph of 36 the Counterclaims.

## FIRST COUNTERCLAIM

### (Declaratory Relief of No Copyright Infringement)

37.     Counter-Defendant incorporates her responses to Paragraphs 1 through 36 of the Counterclaims as though fully set forth herein in their entirety.

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

38.     The allegations in Paragraph 38 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that she agreed to perform a photoshoot for the Electrify perfume and that she invoiced Zeller $1,500 for her day rate, but Counter-Defendant denies the remaining allegations set forth in Paragraph 38 of the Counterclaims.

39.     The allegations in Paragraph 39 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph of 39 the Counterclaims.

40.     The allegations in Paragraph 40 of the Counterclaims contain legal conclusions to which no response is required. Counter-Defendant lacks knowledge of Zeller and Parlux's agreements and on that basis denies the allegations relating  to any such agreements. To the extent a response is deemed required, Counter-Defendant denies the remaining allegations set forth in Paragraph 40 of the Counterclaims.

41.     The allegations in Paragraph 41 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant lacks knowledge sufficient to form a belief as to the agreements between Parlux and Zeller, and therefore any allegations relating to any such agreements are denied.  Counter-Defendant denies the remaining allegations set forth in Paragraph 41 of the Counterclaims.

42.     The allegations in Paragraph 42 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that she is the sole owner of the copyright in the Photographs, and has registered them with the U.S. Copyright Office. Counter-Defendant denies any obligation to "seek clarification" or obtain consent from anyone else before doing so, and the remaining allegations set forth in Paragraph 42 of the Counterclaims are denied.

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

43.     The allegations in Paragraph 43 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that the federal registration filed by Counter-Defendant for the Photographs has a registration number of VA 0002235871, an effective registration date of November 18, 2020 (the "Registration"), and that the Registration lists the first publication date as being between September 30, 2019 and October 15, 2019. Counter-Defendant denies the remaining allegations set forth in Paragraph 43 of the Counterclaims.

44.     The allegations in Paragraph 44 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 44 of the Counterclaims, and denies that the Defendants are entitled to any of the relief they purport to be seeking.

45.     The allegations in Paragraph 45 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is otherwise required, Counter-Defendant denies the allegations in Paragraph 45 of the Counterclaims, and denies any claim that Defendants have a right to use Ms. Occhipinti's Photographs for any purpose.

46.     The allegations in Paragraph 46 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 46 of the Counterclaims.

## SECOND COUNTERCLAIM

### (Statutory Trademark Infringement
### LANHAM ACT §§ 32 and 43(a))

47.     Counter-Defendant incorporates her responses to Paragraphs 1 through 46 of the Counterclaims as though fully set forth herein in their entirety.

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

48.     The allegations in Paragraph 48 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that the Lanham Act generally operates as described in Paragraph 48, but states that she has not violated any provision of the Lanham Act and Counter-Defendant denies the remaining allegations set forth in Paragraph 48 of the Counterclaims.

49.     The allegations in Paragraph 49 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 49 of the Counterclaims.

50.     The allegations in Paragraph 50 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies that including her own Photographs on her own website required the permission of anyone other than herself, and the allegations set forth in Paragraph 50 of the Counterclaims are denied.

51.     The allegations in Paragraph 51 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 51 of the Counterclaims.

52.     The allegations in Paragraph 52 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 52 of the Counterclaims.

53.     The allegations in Paragraph 53 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 53 of the Counterclaims.

54.     The allegations in Paragraph 54 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 54 of the Counterclaims.

## THIRD COUNTERCLAIM

### (Statutory Trademark Infringement
### CAL. BUS. & PROF. CODE § 14245)

55.     Counter-Defendant incorporates her responses to Paragraphs 1 through 54 of the Counterclaims as though fully set forth herein in their entirety.

56.     The allegations in Paragraph 56 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that §14245 of the California Business & Professions Code generally operates as described in Paragraph 56, but states that she has not violated any provision of the California Business & Professions Code, and Counter-Defendant denies the remaining allegations set forth in Paragraph 56 of the Counterclaims.

57.     The allegations in Paragraph 57 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 57 of the Counterclaims.

58.     The allegations in Paragraph 58 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies that including her own Photographs on her own website required the permission of anyone other than herself, and the allegations set forth in Paragraph 58 of the Counterclaims are denied.

59.     The allegations in Paragraph 59 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

required, Counter-Defendant denies the allegations set forth in Paragraph 59 of the Counterclaims.

60.     The allegations in Paragraph 60 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 60 of the Counterclaims.

61.     The allegations in Paragraph 61 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 61 of the Counterclaims.

## FOURTH COUNTERCLAIM

### (False Endorsement, The Lanham Act, §43(a))

62.     Counter-Defendant incorporates her responses to Paragraphs 1 through 61 of the Counterclaims as though fully set forth herein in their entirety.

63.     The allegations in Paragraph 63 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant admits that the statement concerning the Lanham Act in the first sentence of Paragraph 63 generally operates as described in Paragraph 63, but states that she has not violated any provision of the Lanham Act and Counter-Defendant denies the remaining allegations set forth in Paragraph 63 of the Counterclaims.

64.     The allegations in Paragraph 64 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 64 of the Counterclaims.

65.     The allegations in Paragraph 65 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies that including her own Photographs on her own

website required the permission of anyone other than herself, and the allegations set forth in Paragraph 65 of the Counterclaims are denied.

66.     The allegations in Paragraph 66 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 66 of the Counterclaims.

67.     The allegations in Paragraph 67 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 67 of the Counterclaims.

68.     The allegations in Paragraph 68 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 68 of the Counterclaims.

69.     The allegations in Paragraph 69 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 69 of the Counterclaims.

## **FIFTH CLAIM FOR RELIEF**
### **(Common Law Unfair Competition)**

70.     Counter-Defendant incorporates her responses to Paragraphs 1 through 69 of the Counterclaims as though fully set forth herein in their entirety.

71.     The allegations in Paragraph 71 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 71 of the Counterclaims.

72.     The allegations in Paragraph 72 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

required, Counter-Defendant denies the allegations set forth in Paragraph 72 of the Counterclaims.

73.   The allegations in Paragraph 73 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 73 of the Counterclaims.

74.   The allegations in Paragraph 74 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 74 of the Counterclaims.

75.   The allegations in Paragraph 75 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 75 of the Counterclaims.

76.   The allegations in Paragraph 76 of the Counterclaims contain legal conclusions to which no response is required. To the extent a response is deemed required, Counter-Defendant denies the allegations set forth in Paragraph 76 of the Counterclaims.

## **<u>PRAYER FOR RELIEF</u>**

1.   This paragraph does not contain any facts to admit or deny. To the extent it alleges any items capable of admission or denial, Counter-Defendant denies all such allegations or that Defendants are entitled to any of the relief they purport to seek.

2.   This paragraph does not contain any facts to admit or deny. To the extent it alleges any items capable of admission or denial, Counter-Defendant denies all such allegations.

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

3. This paragraph does not contain any facts to admit or deny. To the extent it alleges any items capable of admission or denial, Counter-Defendant denies all such allegations.

4. This paragraph does not contain any facts to admit or deny. To the extent it alleges any items capable of admission or denial, Counter-Defendant denies all such allegations.

5. This paragraph does not contain any facts to admit or deny. To the extent it alleges any items capable of admission or denial, Counter-Defendant denies all such allegations.

6. This paragraph does not contain any facts to admit or deny. To the extent it alleges any items capable of admission or denial, Counter-Defendant denies all such allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that the Counterclaims fail to set forth sufficient facts so as to state a claim for which relief can be granted against her.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton (or any other Defendant) lacks standing and/or capacity to bring the allegations set forth in the Counterclaims.

### THIRD AFFIRMATIVE DEFENSE
### (Intervening Cause)

3. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton's (or any other Defendant's)

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

alleged damages, if any, were proximately and solely caused by the acts or actions of a third party over which Counter-Defendant had no control.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Injury and Damages and Failure to Mitigate)

4. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton (or any other Defendant) does not have any injury, harm or damage from the acts alleged, that any claimed injury, harm or damage is imaginary, speculative, vague, uncertain, and have failed or refused to take reasonable steps to mitigate her (or any other Defendant's) damages, if any, thus barring or reducing any recovery for Ms. Hilton (or any other Defendants), and any recovery or damages or injunctive relief would unjustly enrich Defendants.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

5. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton's (or any other Defendant's) claims are barred for lack of subject matter jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

6. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton's (or any other Defendant's) claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches or Waiver)

7. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton's (or any other Defendant's) claims are barred, in whole or in part, by the doctrines of laches or waiver.

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

8. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton's (or any other Defendant's) claims are barred, in whole or in part, by estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Preemption)

9. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton's claims are barred, in whole or in part, by preemption of the claims under the Copyright Act.

## TENTH AFFIRMATIVE DEFENSE
### (Authorized Use)

10. As a separate and affirmative defense to each and every claim for relief, Ms. Hilton authorized, impliedly or explicitly, Counter-Defendant's use of Ms. Hilton's alleged trademarks (via license or otherwise), and the Counterclaims are therefore barred by the doctrine of license.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

11. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton's (or any other Defendant's) claims are barred, in whole or in part, because Counter-Defendant's conduct was in good faith and with non-willful intent, at all times.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Party(ies))

12. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton's (or any other Defendant's) claims are barred, in whole or in part, for failure to name indispensable parties.

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

13. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton's (or any other Defendant's) claims are barred by the applicable statutes of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Lack of Confusion or Likelihood of Confusion)**

14. As a separate and affirmative defense to each and every claim for relief, Counter-Defendant alleges that Ms. Hilton's (or any other Defendant's) claims are barred because consumers are not likely to be (nor were they) confused with regard to the source of Plaintiff's photographs and because there is no likelihood of confusion in the marketplace as to source, endorsement, or any other claimed uncertainty.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Right to Assert Additional Defenses)**

15. Counter-Defendant intends to rely upon all other provable defenses available at trial and developed in discovery.

### RESERVATION OF RIGHTS

Counter-Defendant reserves the right to amend her Answer to assert any defenses and/or affirmative defenses, as well as counterclaims, as this case continues to proceed.

**WHEREFORE,** Counter-Defendant having fully answered Ms. Hilton's Counterclaims, Counter-Defendant prays for a judgment dismissing Ms. Hilton's Counterclaims with prejudice, ordering all Counter-Defendant costs and fees be repaid by Ms. Hilton and for such further relief as the Court may deem just.

### JURY TRIAL DEMANDED FOR ALL COUNTERCLAIMS

DATED: March 1, 2023

**EMILIE ESTHER PITTS**

By:    */s/ Emilie Esther Pitts*
       Emilie Esther Pitts

**LEICHTMAN LAW PLLC**

By:    */s/ David Leichtman*
       David Leichtman

**GODWIN LLP**

By:    */s/ Harold McDougall IV*
       Harold McDougall IV

       Attorneys for Plaintiff
       CLAUDIA FIORELLA OCCHIPINTI

---

**ANSWER TO PARIS HILTON'S COUNTERCLAIMS**