Emilie Esther Pitts (FL SBN 1000396)
9248 SE Island Place
Tequesta, FL 33469
Tel: (347)-737-0781
Email: emilie@emiliepitts.com

David Leichtman (NY SBN 2824480)
185 Madison Avenue, 15th Floor
New York, New York 10016
Tel: 212-419-5210, Ext. 1
Email: dleichtman@leichtmanlaw.com

Godwin LLP
Harold McDougall IV (CA SBN 234972)
12021 Wilshire Blvd #538
Los Angeles, CA 90025
Tel: (424) 704-5647
Email: hmcdougall@godwinllp.com

Attorneys for Plaintiff
CLAUDIA FIORELLA OCCHIPINTI

MICHAEL E. WEINSTEN (BAR NO. 155680)
MAX D. FABRICANT (BAR NO. 333859)
LAVELY & SINGER PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501 Fax:(310)556-3615
Email:          mweinsten@lavelysinger.com
                mfabricant@lavelysinger.com

Attorneys for Defendants and Counter-Claimant,
PARIS HILTON, PARIS HILTON ENTERTAINMENT, INC. AND
11:11 MEDIA, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA FIORELLA OCCHIPINTI, a California Resident,<br><br>Plaintiff,<br><br>vs.<br><br>PARIS HILTON, a California Resident, PARIS HILTON ENTERTAINMENT, INC., a California Corporation, 11:11 Media, LLC, a California LLC, et al.,<br><br>Defendants. | Case No.: 2:22-cv-08688-DMG-PD<br><br>**STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**<br><br>**Magistrate Judge**: Hon. Patricia Donahue |

Plaintiff Claudia Fiorella Occhipinti ("Plaintiff") and Defendants Paris Hilton ("Ms. Hilton"), Paris Hilton Entertainment, Inc. ("PHE"), and 11:11 Media, LLC (each a "Defendant" and collectively, "Defendants") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate that good cause exists for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, distribution information, and other valuable commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the

end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. **PURPOSES AND LIMITATIONS**

(a) Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b) The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below, qualifies under the appropriate standards and shall limit any such designation to specific material. Mass, indiscriminate or routinized designations are prohibited. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

3. **DEFINITIONS**

(a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(d) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

4. **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

5. **SCOPE**

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

6.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     <u>Secure Storage, No Export</u>. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c)     <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials.

(d)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party

independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY".

(b) <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 8(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL" during the inspection and re-designated, as appropriate during the copying process.

(c) Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains  "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision

1  in printed form to an expert or consultant pre-approved pursuant to paragraph 9(b)(iii),
2  the party printing the electronic files or documents shall affix a legend to the printed
3  document corresponding to the designation of the Designating Party and including the
4  production number and designation associated with the native file.

5  (d)   <u>Depositions and Testimony</u>.  Parties or testifying persons or entities
6  may designate depositions and other testimony with the appropriate designation by
7  indicating on the record at the time the testimony is given or by sending written notice
8  of how portions of the transcript of the testimony is designated within thirty (30) days
9  of receipt of the transcript of the testimony.  If no indication on the record is made, all
10 information disclosed during a deposition shall be deemed "CONFIDENTIAL" until
11 the time within which it may be appropriately designated as provided for herein has
12 passed.  Any Party that wishes to disclose the transcript, or information contained
13 therein, may provide written notice of its intent to treat the transcript as non-
14 confidential, after which time, any Party that wants to maintain any portion of the
15 transcript as confidential must designate the confidential portions within fourteen (14)
16 days, or else the transcript may be treated as non-confidential.  Any Protected Material
17 that is used in the taking of a deposition shall remain subject to the provisions of this
18 Protective Order, along with the transcript pages of the deposition testimony dealing
19 with such Protected Material.  In such cases the court reporter shall be informed of this
20 Protective Order and shall be required to operate in a manner consistent with this
21 Protective Order.  In the event the deposition is videotaped, the original and all copies
22 of the videotape shall be marked by the video technician to indicate that the contents of
23 the videotape are subject to this Protective Order, substantially along the lines of "This
24 videotape contains confidential testimony used in this case and is not to be viewed
25 or the contents thereof to be displayed or revealed except pursuant to the terms of
26 the operative Protective Order in this matter or pursuant to written stipulation of the
27 parties."  Counsel for any Producing Party shall have the right to exclude from oral

depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) The Receiving Party and its Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(iii) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv) The Court, jury, and court personnel;

(v) Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi) Mock jurors and/or jury consultants who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(vii) Any magistrate who is assigned to hear a settlement conference in this matter;

(viii) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix) Any other person with the prior written consent of the Producing Party.

9. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL- ATTORNEYS' EYES ONLY"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that has been maintained as confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party if the Receiving Party were to review it. The Parties agree that the following information, if non-public, may merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, but is not presumably so unless a good faith determination is made that the Receiving Party would obtain a competitive benefit from reviewing the information so designated: trade secrets, pricing information, financial data, sales information, or employee personal information (such as social security numbers).

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i) Outside Counsel for the Receiving Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after reasonable notice has been given to all Parties;

(iii) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv) The Court, jury, and court personnel;

(v) Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi) Any magistrate who is assigned to hear a settlement conference in this matter;

(vii) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii) Any other person with the prior written consent of the Producing Party.

(c) In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential. A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

11. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii) Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this

Order shall not preclude or prejudice either Party from arguing for or against any designation;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

12. **SUBPOENAS OR COURT ORDERS**

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

13. **FILING PROTECTED MATERIAL**

(a) Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b) Notwithstanding any other provision of this Protective Order, any Party is authorized under Local Rule 79-5 to seek to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.

14. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced

1  Discovery Material is made promptly (not more than seven (7) business days) after the
2  Producing Party's inadvertent production.

3       (b)   Upon a request from any Producing Party who has inadvertently
4  produced Discovery Material that it believes is privileged and/or protected, each
5  Receiving Party shall promptly return such Protected Material or Discovery Material
6  and all copies to the Producing Party, except for any pages containing privileged
7  markings by the Receiving Party which shall instead be destroyed and confirmed as such
8  with written confirmation provided by the Receiving Party to the Producing Party.

9       (c)   Nothing herein shall prevent the Receiving Party from preparing a
10 record for its own use containing the date, author, addresses, and topic of the
11 inadvertently produced Discovery Material and such other information as is reasonably
12 necessary to identify the Discovery Material and describe its nature to the Court in any
13 motion to compel production of the Discovery Material.

14    15.   **<u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>**

15      (a)   The inadvertent failure by a Producing Party to designate Discovery
16 Material as Protected Material with one of the designations provided for under this
17 Order shall not waive any such designation provided that the Producing Party notifies
18 all Receiving Parties that such Discovery Material is protected under one of the
19 categories of this Order within fourteen (14) days of the Producing Party's inadvertent
20 failure to designate. The Producing Party shall reproduce the Protected Material with
21 the correct confidentiality designation within seven (7) days upon its notification to the
22 Receiving Parties. Upon receiving the Protected Material with the correct
23 confidentiality designation, the Receiving Parties shall return or securely destroy, at
24 the Producing Party's option, all Discovery Material that was not designated properly.

25      (b)   A Receiving Party shall not be in breach of this Order for any use
26 of such Discovery Material before the Receiving Party receives such notice that such
27 Discovery Material is protected under one of the categories of this Order. Once a

Receiving Party has received notification of the corrected confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 15(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c) Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" from engaging in the activities set forth in Paragraph 2(a).

16. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

17. **FINAL DISPOSITION**

(a) Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the

option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b) Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence, attorney and consultant work product, and discovery for archival purposes even if such material contains Protected Material.

18. **MISCELLANEOUS**

(a) <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(c) <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(d) <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or

legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(e) <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for Central District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

(f) <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central District of California, or the Court's own orders.

//
//
//

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

Dated: April 5, 2022    **Lavely & Singer Professional Corporation**

By: /s/ *Michael E. Weinsten*
Michael E. Weinsten
Max D. Fabricant
Attorneys for Defendants Paris Hilton ("Ms. Hilton"), Paris Hilton Entertainment, Inc. ("PHE"), and 11:11 Media, LLC.

Dated: April 5, 2022    **Emilie Esther Pitts**

By: /s/ *Emilie Esther Pitts*
Emilie Esther Pitts

Dated: April 5, 2022    **Leichtman Law PLLC**

By: /s/ *David Leichtman*
David Leichtman

Dated: April 5, 2022    **Godwin LLP**

By: /s/ *Harold McDougall IV*
Harold McDougall IV
Attorneys for Plaintiff Claudia Fiorella Occhipinti.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 11, 2023

*Patricia Donahue*

Patricia Donahue
United States Magistrate Judge

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in OCCHIPINTI v. HILTON, et al, United States District Court, Central District of California, Civil Action No. 2:22-cv-08688-DMG-PD.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]